NOT DESIGNATED FOR PUBLICATION

No. 115,630

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CHARLES WILBUR MATTHEWS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Dickinson District Court; BENJAMIN J. SEXTON, judge. Opinion filed December 2, 2016. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).

Before POWELL, P.J., PIERRON and HILL, JJ.

*Per Curiam*:  Charles Matthews appeals his felony sentence for nonresidential burglary and theft, claiming the district court abused its discretion when it refused to grant him probation. Matthews filed a motion for summary disposition of his appeal pursuant to Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67). We granted Matthews' motion for summary disposition in lieu of briefs. Because we find no abuse of discretion on the part of the district court, we affirm.

As part of a plea deal with the State, Matthews pled guilty to nonresidential burglary and theft, both felonies; the State agreed to recommend that Matthews be placed on probation. Because Matthews committed these crimes while on felony probation,

1

according to K.S.A. 2015 Supp. 21-6604(f)(1) Matthews' sentence would be presumptive imprisonment. While the district court granted Matthews a downward durational departure to 20 months' incarceration and 12 months' postrelease supervision, referencing K.S.A. 2015 Supp. 21-6604(f)(1), it refused to grant probation, finding Matthews was not a good candidate for probation. Matthews now appeals, contending the district court abused its discretion in not granting him probation.

Typically, we lack jurisdiction to review a sentence that is within the presumptive sentence range for the crimes committed. See K.S.A. 2015 Supp. 21-6820(c)(1); *State v. Sprung*, 294 Kan. 300, 317, 277 P.3d 1100 (2012) ("Under [the previous version of K.S.A. 2015 Supp. 21-6820(c)(1)], appellate courts lack jurisdiction to review challenges to presumptive sentences."). However, our Supreme Court has held that where the district court grants a downward durational departure yet imposes the statutory presumption of imprisonment, an appellate court has jurisdiction to consider the defendant's complaint that the district court "'did not depart enough.'" *State v. Looney*, 299 Kan. 903, 908, 327 P.3d 425 (2014). Because Matthews' complaint is that the district court did not depart enough in failing to grant him probation, we may consider the merits of his appeal.

When the extent of a departure is challenged, our standard of review is abuse of discretion, "'measuring whether the departure is consistent with the purposes of the guidelines and proportionate to the crime severity and the defendant's criminal history. [Citation omitted.]'" *State v. Cato-Perry*, 50 Kan. App. 2d 623, 629, 332 P.3d 191 (2014), *rev. denied* 302 Kan. 1013 (2015). A judicial action constitutes an abuse of discretion if the action "(1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact." *State v. Waller*, 299 Kan. 707, 722, 328 P.3d 1111 (2014). Matthews bears the burden to show an abuse of discretion by the district court. See *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

Here, the district court cited the fact that because Matthews would be serving his sentence for his prior case, a durational departure was warranted. But the district court rejected probation on the grounds that Matthews was not a good candidate for probation, presumably because he committed new crimes while on probation in his first case. Given the statutory presumption of imprisonment, we cannot say the district court's refusal to grant Matthew probation constitutes an abuse of discretion.

Affirmed.