No. 116,738

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BRADLEY HAROLD COOPER,
*Appellant*.

SYLLABUS BY THE COURT

1.

Interpretation of a statute under the revised Kansas Sentencing Guidelines Act is a question of law, and an appellate court's scope of review is unlimited.

2.

A departure sentence is subject to appeal by the defendant or the State under the plain language of K.S.A. 2016 Supp. 21-6820(a), unless a more specific provision divests the court of jurisdiction.

3.

K.S.A. 2016 Supp. 21-6820(c)(2) provides that an appellate court shall not review any sentence resulting from an agreement between the State and the defendant which the sentencing court approves on the record.

4.

K.S.A. 2016 Supp. 21-6820(c)(2) is a more specific provision than K.S.A. 2016 Supp. 21-6820(a) that divests an appellate court of jurisdiction to review a departure sentence if warranted by the facts of the case.

1

Appeal from Saline District Court; RENE S. YOUNG, judge. Opinion filed April 14, 2017. Appeal dismissed.

Submitted for summary disposition pursuant to K.S.A. 2016 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

MALONE, J.:  Bradley Harold Cooper appeals his sentence following his convictions of two counts of possession of a controlled substance and other crimes. We granted Cooper's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2017 Kan. S. Ct. R. 48). The State has filed a response and agrees that summary disposition is appropriate.

On February 16, 2016, Cooper pled no contest to two counts of possession of a controlled substance, each a severity level 5 drug felony; one count of possession of drug paraphernalia, a class A nonperson misdemeanor; one count of interference with law enforcement, a class A nonperson misdemeanor; and one count of improper lane change, a traffic infraction. Pursuant to the plea agreement, the State agreed to recommend that Cooper receive concurrent sentences and probation from the presumptive sentence of imprisonment. Cooper subsequently filed a motion for departure claiming that a departure sentence was warranted for numerous reasons including the fact that Cooper accepted responsibility for the crimes, the State was recommending probation, and a nonprison sentence would promote offender reformation and reduce the risk of recidivism.

At the sentencing hearing on April 29, 2016, the district court followed the plea agreement and imposed concurrent sentences resulting in a controlling term of 20 months' imprisonment, and the district court granted Cooper's motion for a dispositional departure to probation for 12 months for the reasons stated in the motion. Cooper's court-appointed attorney filed a notice of appeal from that sentence.

2

On appeal, Cooper claims "the district court erred in sentencing him." Cooper does not specify how the district court erred in sentencing him, and he makes no claim that he received an illegal sentence. Moreover, Cooper acknowledges that pursuant to K.S.A. 2016 Supp. 21-6820(c)(2), an appellate court shall not review any sentence resulting from an agreement between the State and the defendant which the sentencing court approves on the record. In response, the State asserts that Cooper's presumptive sentence cannot be challenged on direct appeal.

Resolution of Cooper's appeal requires an analysis of the revised Kansas Sentencing Guidelines Act, K.S.A. 2016 Supp. 21-6801 *et seq.* Interpretation of a sentencing statute is a question of law, and our scope of review is unlimited. *State v. Nguyen*, 304 Kan. 420, 422, 372 P.3d 1142 (2016).

The State asserts that pursuant to K.S.A. 2016 Supp. 21-6820(c)(1), Cooper's presumptive sentence cannot be challenged on direct appeal. That statute provides that on appeal from a judgment or conviction entered for a felony committed on or after July 1, 1993, the appellate court shall not review any sentence that is within the presumptive sentence for the crime. However, the State fails to acknowledge that Cooper did not receive a presumptive sentence of imprisonment. Instead, pursuant to the plea agreement, the district court granted Cooper's motion for a dispositional departure to probation.

The Kansas Supreme Court addressed appellate jurisdiction to review a departure sentence in *State v. Looney*, 299 Kan. 903, 327 P.3d 425 (2014). In that case, the defendant pled guilty to a drug-related crime and the parties agreed to a downward durational departure to 72 months' imprisonment, which the district court granted. The defendant also argued for a dispositional departure to probation, which was not part of the plea agreement, and the district court denied that request. The defendant appealed his sentence, and the State argued the appellate court lacked jurisdiction over the appeal.

3

Our Supreme Court noted that K.S.A. 21-4721(a) (predecessor to K.S.A. 2016 Supp. 21-6820[a]) provides that a "'departure sentence is subject to appeal by the defendant or the state.'" 299 Kan. at 905. The court held that unless a more specific provision divested the court of jurisdiction, it had jurisdiction over the appeal of the defendant's departure sentence under the plain language of the statute. 299 Kan. at 906-09. The State argued that the departure sentence was the result of plea negotiations and, as a result, K.S.A. 21-4721(c)(2) (predecessor to K.S.A. 2016 Supp. 21-6820[c][2]) was a more specific provision that divested the court of jurisdiction. In addressing this argument, the court noted that although the defendant's durational departure was plea-negotiated, his requested dispositional departure was not part of the plea agreement. 299 Kan. at 909. Without deciding whether K.S.A. 21-4721(c)(2) was a more specific provision than K.S.A. 21-4721(a), the court concluded under the facts of the case that it had jurisdiction to consider the defendant's appeal. 299 Kan. at 909-10.

Cooper's case is distinguishable from *Looney* because here the record is clear that the district court approved the plea-negotiated sentence as to both duration and disposition. Cooper received exactly the sentence that he asked the district court to impose. Thus, we can answer the question in Cooper's case that our Supreme Court left unanswered in *Looney* as to whether K.S.A. 2016 Supp. 21-6820(c)(2) is a more specific provision than K.S.A. 2016 Supp. 21-6820(a) that divests the appellate court of jurisdiction to review a departure sentence.

K.S.A. 2016 Supp. 21-6820(c)(2) provides that an appellate court shall not review "any sentence resulting from an agreement between the state and the defendant which the sentencing court approves on the record." We hold that K.S.A. 2016 Supp. 21-6820(c)(2) is a more specific provision than K.S.A. 2016 Supp. 21-6820(a) that divests an appellate court of jurisdiction to review a departure sentence if warranted by the facts of the case. Thus, even though K.S.A. 2016 Supp. 21-6820(a) provides that a departure sentence is subject to appeal by the defendant or the State, an appellate court shall not review a

4

departure sentence resulting from an agreement between the State and the defendant which the sentencing court approves on the record. Under the facts of this case, where the district court gave Cooper the precise sentence he requested which included a departure, and there is no claim that the sentence is illegal, we conclude that K.S.A. 2016 Supp. 21-6820(c)(2) divests this court of jurisdiction to consider Cooper's appeal.

Appeal dismissed.