NOT DESIGNATED FOR PUBLICATION

No. 117,755

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DERRICK WOODS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Geary District Court; STEVEN L. HORNBAKER, judge. Opinion filed September 22, 2017. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2016 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM: Derrick Woods appeals his felony sentence for conspiracy to possess cocaine with intent to distribute, claiming the district court abused its discretion when it refused to grant him probation. Woods filed a motion for summary disposition of his appeal pursuant to Supreme Court Rule 7.041A (2017 Kan. S. Ct. R. 48). The State did not file a response. We granted Woods' motion for summary disposition in lieu of briefs. Because we find no abuse of discretion on the part of the district court, we affirm.

As part of a plea deal with the State, Woods pled no contest to conspiracy to possess cocaine with intent to distribute, a severity level 3 drug felony which carries a presumptive imprisonment sentence. See K.S.A. 2016 Supp. 21-6805(a). In return, the

1

State agreed to dismiss the other charges and support a downward durational departure sentence of 36 months in prison. Woods was free to argue for an additional departure to probation. While the district court granted Woods a downward durational departure to 36 months' incarceration, it refused to grant probation, finding Woods' "previous history does not support the Court granting that departure." Woods now appeals, contending the district court abused its discretion in not granting him probation.

Typically, we lack jurisdiction to review a sentence that is within the presumptive sentence range for the crimes committed. See K.S.A. 2016 Supp. 21-6820(c)(1); *State v. Sprung*, 294 Kan. 300, 317, 277 P.3d 1100 (2012) ("Under [the previous version of K.S.A. 2016 Supp. 21-6820(c)(1)], appellate courts lack jurisdiction to review challenges to presumptive sentences."). However, our Supreme Court has held that where the district court grants a downward durational departure yet imposes the statutory presumption of imprisonment, an appellate court has jurisdiction to consider the defendant's complaint that the district court "'did not depart enough.'" *State v. Looney*, 299 Kan. 903, 908, 327 P.3d 425 (2014). Because Woods' complaint is that the district court did not depart enough in failing to grant him probation, we may consider the merits of his appeal.

When the extent of a departure is challenged, our standard of review is abuse of discretion, "'measuring whether the departure is consistent with the purposes of the guidelines and proportionate to the crime severity and the defendant's criminal history.' [Citation omitted.]" *State v. Cato-Perry*, 50 Kan. App. 2d 623, 629, 332 P.3d 191 (2014), *rev. denied* 302 Kan. 1013 (2015). A judicial action constitutes an abuse of discretion if the action "(1) is arbitrary, fanciful, or unreasonable, *i.e.*, no reasonable person would have taken the view adopted by the trial court; (2) is based on an error of law . . . ; or (3) is based on an error of fact." *State v. Jones*, 306 Kan. ___, Syl. ¶ 7, 398 P.3d 856, 859 (2017). Woods bears the burden to show an abuse of discretion by the district court. See *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

2

Here, the district court granted the durational departure in accordance with the plea agreement reached between Woods and the State but rejected Woods' request for a further departure beyond that contemplated by the plea agreement, citing Woods' previous history and the fact that the drugs were cocaine. From the record, it is clear the court considered Woods' numerous arguments in favor of probation but found them lacking to justify a sentence reduction beyond that already granted. Given the statutory presumption of imprisonment, we cannot say that the district court's refusal to grant Woods probation constituted an abuse of discretion.

Affirmed.