NOT DESIGNATED FOR PUBLICATION

No. 118,611

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

PATRICK CHRISTOPHER MORERE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; DAVID DEBENHAM, judge. Opinion filed June 22, 2018. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2017 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM: Patrick C. Morere appeals his sentence following his conviction of possession of marijuana with intent to distribute. We granted Morere's motion for summary disposition in lieu of briefs pursuant to Kansas Supreme Court Rule 7.041A (2018 Kan. S. Ct. R. 47). The State has filed no response.

On June 21, 2017, Morere pled no contest to one count of possession of marijuana with intent to distribute. The parties expected that Morere's criminal history score would be category H, and the State agreed to recommend the mitigated presumptive sentence. The presentence investigation report disclosed Morere's criminal history score as D, rather than H. Morere filed a departure motion requesting a 49-month prison sentence, which would have been the mitigated term had his criminal history score been H.

1

At the sentencing hearing, the district court departed from a presumptive 60- to 68-month prison sentence and imposed a 51-month prison sentence. The district court cited two mitigating factors supporting the departure: Morere's cooperation with law enforcement following his arrest and the staleness of his prior convictions that led to his criminal history score. Morere timely appealed from the departure sentence.

On appeal, Morere claims the district court "should have imposed the 49 month prison sentence anticipated by [his] plea agreement contract." Morere correctly notes that this court has jurisdiction to consider a claim that the district court should have departed to a greater extent than it did. *State v. Looney*, 299 Kan. 903, 909, 327 P.3d 425 (2014).

An appellate court reviews the extent of a departure sentence for an abuse of discretion. *State v. Jolly*, 301 Kan. 313, Syl. ¶ 7, 342 P.3d 935 (2015). A district court abuses its discretion when: (1) no reasonable person would take the view adopted by the judge; (2) a ruling is based on an error of law; or (3) substantial competent evidence does not support a finding of fact on which the exercise of discretion is based. 301 Kan. 313, Syl. ¶ 7. The party asserting the district court abused its discretion bears the burden of showing an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

Morere asserts that the district court's decision to impose a 51-month prison sentence rather than a 49-month prison sentence "was unreasonable." However, he makes no claim that the State violated the terms of the plea agreement. He also fails to explain how a 51-month prison sentence was unreasonable when the district court could have imposed a presumptive 60- to 68-month prison sentence which would not have been subject to appellate review. The district court was not bound by the terms of the plea agreement between the parties. Based on our review of the record, we cannot find that no reasonable person would have taken the view adopted by the judge in imposing the departure sentence. Morere has failed to show that the district court abused its discretion by imposing a 51-month prison sentence rather than a 49-month prison sentence.

2

Affirmed.