NOT DESIGNATED FOR PUBLICATION

No. 118,176

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CARLOS E. REYES,
*Appellant*.

MEMORANDUM OPINION

Appeal from Finney District Court; MICHAEL L. QUINT, judge. Opinion filed September 28, 2018. Affirmed.

*Caroline M. Zuschek*, of Kansas Appellate Defender Office, for appellant.

*Brian R. Sherwood*, assistant county attorney, *Susan Lynn Hillier Richmeier*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., PIERRON and POWELL, JJ.

PER CURIAM: Carlos E. Reyes appeals his felony sentence, claiming the district court abused its discretion by granting his request for a durational departure but not his request for a dispositional departure to probation. After a review of the record, we conclude a reasonable person could agree with the district court's decision to deny Reyes probation, and we affirm.

1

Reyes was charged with distribution or possession of with intent to distribute a controlled substance (methamphetamine) within 1,000 feet of school property; felony possession of drug paraphernalia; misdemeanor possession of marijuana; and misdemeanor possession of drug paraphernalia. As part of a plea agreement with the State, Reyes agreed to plead no contest to a single count of distribution or possession with intent to distribute methamphetamine. In return, the State agreed to dismiss the remaining charges and not file charges in four additional cases. Moreover, the State agreed to a downward durational departure to 36 months' imprisonment. Finally, Reyes could request a downward dispositional departure to probation.

Prior to sentencing, Reyes filed a motion for departure, requesting either a downward durational or dispositional departure, or both. At sentencing, the district court noted that the parties had agreed to a durational departure but not to a dispositional departure. Reyes sought a dispositional departure to probation on the grounds that he had accepted responsibility for his actions and that treatment would be more effective in addressing his drug problem. The State opposed Reyes' request for probation, arguing that he was found with a large amount of methamphetamine and was in the business of distribution. In addition, Reyes failed to obtain a drug and alcohol evaluation, meaning there was no proof that Reyes had a drug problem.

After hearing the arguments of the parties, the district court agreed to a durational departure and sentenced Reyes to 36 months' imprisonment along with 36 months' postrelease supervision. However, the district court denied Reyes' motion for a dispositional departure to probation, noting that the sentence fell within the presumptive prison box on the sentencing grid and Reyes' lack of a drug and alcohol evaluation did not establish that Reyes actually had a drug addiction problem.

Reyes timely appeals.

2

On appeal, Reyes contends that the denial of his motion for a dispositional departure was an abuse of the district court's discretion. Reyes argues that his willingness to accept responsibility for his crime, his promise to seek treatment for his drug addiction, and his scant criminal history provided substantial and compelling reasons for an additional departure.

We have the authority to review departure sentences under K.S.A. 2017 Supp. 21-6820(a), including whether a district court "'did not depart enough.'" *State v. Looney*, 299 Kan. 903, 908, 327 P.3d 425 (2014). When the extent of a departure is challenged, our "'standard of review is abuse of discretion, measuring whether the departure is consistent with the purposes of the guidelines and proportionate to the crime severity and the defendant's criminal history.'" *State v. Cato-Perry*, 50 Kan. App. 2d 623, 629, 332 P.3d 191 (2014), *rev. denied* 302 Kan. 1013 (2015). A judicial action constitutes an abuse of discretion if the action "(1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact." *State v. Waller*, 299 Kan. 707, 722, 328 P.3d 1111 (2014). Reyes bears the burden to show an abuse of discretion by the district court. See *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

K.S.A. 2017 Supp. 21-6815(a) requires the district court to impose the presumptive sentence unless there are "substantial and compelling reasons to impose a departure sentence." "Substantial" means something real and not imagined, something with substance. "Compelling" means that the court is forced, by the facts of the case, to leave the guidelines sentence. See *State v. Reed*, 302 Kan. 227, 250, 352 P.3d 530 (2015). K.S.A. 2017 Supp. 21-6815(c)(1) provides a nonexclusive list of mitigating factors that may be considered by the court when determining whether a departure is warranted.

Reyes testified at sentencing that he would guess that he had a drug problem and that he was willing to go to drug treatment or do anything the district court ordered him to do. But as the district court found, Reyes had not obtained a drug and alcohol

3

evaluation by the time of sentencing actually establishing that he had a drug addiction. In fact, Reyes had never been counseled or treated for any alleged drug issues. Law enforcement found Reyes with more than 19 grams of methamphetamine in his possession. As the district court noted at sentencing, Reyes appeared to be engaged in the business of selling drugs. There was no evidence that Reyes was personally using or that he suffered from addiction issues. In the absence of an evaluation, all the district court could do was weigh Reyes' statements against the evidence.

Reyes received a significant durational departure which acknowledged his lack of a criminal history; however, Reyes has failed to persuade us that no reasonable person would have denied his request for a further departure to probation. In the absence of substantial and compelling evidence requiring a different outcome, we cannot conclude the district court abused its discretion.

Affirmed.