No. 107,011

STATE OF KANSAS, *Appellee,*v. TYRONE LEE LOONEY, *Appellant.*

(327 P.3d 425)

Opinion filed June 20, 2014.

*Lydia Krebs*, of Kansas Appellate Defender Office, was on the brief for appellant.

*Jaskamal P. Dhillon*, assistant county attorney, *Natalie Randall*, county attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

NUSS, C.J.: This case requires us to determine the appellate courts' authority to review certain criminal sentences under K.S.A.

21-4721. The district court denied Tyrone Lee Looney's motion for probation, *i.e.*, for a downward dispositional departure from his presumptive sentence of 169 to 187 months' imprisonment. Instead, the court granted a downward durational departure to 72 months in prison. When Looney appealed the denial of probation, the Court of Appeals summarily dismissed for lack of jurisdiction.

We conclude the Court of Appeals erred; it had jurisdiction under the plain language of the statute. Accordingly, we reverse and remand to that court for consideration of the merits of Looney's appeal.

### FACTS AND PROCEDURAL HISTORY

In 2010, the State charged Looney with several drug-related offenses after narcotics and drug paraphernalia were discovered during a traffic stop in Dodge City. After negotiations, Looney pled guilty to either one count of manufacture of methamphetamine or one count of attempted manufacture of methamphetamine, both of which are severity level 1 drug felonies.

Given the severity of the crime and Looney's agreed-upon criminal history score of "C," the sentencing guidelines prescribed a presumptive sentence range of 169 to 187 months' imprisonment. But as part of Looney's plea agreement, the State recommended the district court grant him a downward durational departure and sentence him to only 72 months in prison.

At Looney's re-arraignment, the State confirmed the parties' agreement to a downward durational departure to 72 months. But the prosecutor further announced the State was "not going to bind [Looney's counsel] from making a dispositional departure motion." Looney's counsel declared that despite the State's opposition, she would move for a dispositional departure, *i.e.*, downward to probation. His counsel later did so at sentencing.

The court explicitly denied Looney's request for a downward dispositional departure to probation. But it granted the durational departure request and imposed 72 months' imprisonment.

Looney appealed the district court's denial of his motion to the Court of Appeals, moving for summary disposition of his sentenc-

ing appeal under Supreme Court Rule 7.041 (2013 Kan. Ct. R. Annot. 62). The court simply ruled: "The appeal is dismissed for lack of jurisdiction under K.S.A. 21-4721(c) and *State v. Huerta,* 291 Kan. 831[, 247 P.3d 1043] (2011)."

We granted Looney's petition for review under K.S.A. 20-3018(b), providing us jurisdiction under K.S.A. 60-2101(b). More facts are added as necessary to the analysis.

## ANALYSIS

Issue: *The Court of Appeals erred by dismissing Looney's appeal for lack of jurisdiction.*

K.S.A. 21-4721 governed Looney's appeal when he asked the Court of Appeals to review his sentence. The statute provided in relevant part:

"(a) A departure sentence is subject to appeal by the defendant or the state. The appeal shall be to the appellate courts in accordance with rules adopted by the supreme court.

. . . .

"(c) On appeal from a judgment or conviction entered for a felony committed on or after July 1, 1993, the appellate court shall not review:

(1) Any sentence that is within the presumptive sentence for the crime; or

(2) any sentence resulting from an agreement between the state and the defendant which the sentencing court approves on the record."

The Court of Appeals' summary order did not specify whether it dismissed Looney's appeal under K.S.A. 21-4721(c)(1) or (2). And the parties appear to disagree on which section applies. Looney contends the court had jurisdiction under K.S.A. 21-4721(a) and it is not divested by (c)(1). Specifically, he argues the plain language of subsection (a) grants jurisdiction to review his departure sentence: "A departure sentence is subject to appeal by the defendant." Similarly, he argues subsection (c)(1) only divests jurisdiction for presumptive sentences: "[T]he appellate court shall not review (1) [a]ny sentence that is within the presumptive sentence for the crime."

The State responds the Court of Appeals properly dismissed Looney's appeal for lack of jurisdiction under subsection (c)(2): "[T]he appellate court shall not review . . . (2) any sentence re-

sulting from an agreement between the state and the defendant which the sentencing court approves on the record." It asserts his 72-month sentence was agreed upon and approved. But Looney counters that subsection (c)(2) does not apply because his request for dispositional departure to probation exhibits a failure to agree about his sentence.

*Standard of review and general principles of statutory interpretation*

Whether appellate jurisdiction exists is a question of law over which this court exercises unlimited review. *State v. Berreth*, 294 Kan. 98, 109, 273 P.3d 752 (2012). To the extent our inquiry requires interpretation of K.S.A. 21-4721, we also exercise unlimited review. 294 Kan. at 109 (citing *State v. Ballard*, 289 Kan. 1000, 1005, 218 P.3d 432 [2009]).

The fundamental rule of statutory interpretation is " ' "the intent of the legislature governs if that intent can be ascertained." ' " *State v. Holt*, 298 Kan. 469, 474, 313 P.3d 826 (2013) (quoting *State v. Hopkins*, 295 Kan. 579, 581, 285 P.3d 1021 [2012]). A statute's language is our paramount consideration because " 'the best and only safe rule for ascertaining the intention of the makers of any written law is to abide by the language they have used.' " *Gannon v. State*, 298 Kan. 1107, 1143, 319 P.3d 1196 (2014) (quoting *Wright v. Noell*, 16 Kan. 601, 607, 1876 WL 1081 [1876]).

*Discussion*

*The Court of Appeals has jurisdiction to consider Looney's appeal under K.S.A. 21-4721(a).*

Looney's argument focuses on K.S.A. 21-4721(a) and (c)(1) because he interprets the Court of Appeals' summary order as relying on subsection (c)(1) to bar his appeal. His reading of the order is plausible given some of the caselaw construing this statute.

We begin our review of this caselaw with *State v. Crawford*, 21 Kan. App. 2d 169, 897 P.2d 1041 (1995). There, similar to the instant case, the district court granted the defendant's motion to durationally depart from the presumptive sentence—mid-range sentence of 57 months' imprisonment—and reduced it to 34

months. But the court refused his request for a dispositional departure to a nonprison sentence. Among other things, defendant argued on appeal that the court erred in not ordering a dispositional departure.

The *Crawford* panel reviewed subsections (a) and (c)(1) and concluded the latter "limit[s] appellate jurisdiction by either the State or defendant to those instances in which the sentencing court has *departed adversely to the appealing party*." (Emphasis added.) 21 Kan. App. 2d at 170. With this conclusion as its springboard, the panel held the district court's failure to grant a dispositional departure to a nonprison sentence was not appealable because the court had already granted a durational departure sentence favorable to the defendant: from 57 months to 34 months. In short, a defendant could not complain the sentencing court "did not depart enough."

*Crawford* has been frequently relied upon to dismiss similar sentencing appeals for lack of jurisdiction. See, *e.g.*, *State v. Foy*, No. 103,883, 2011 WL 432378, at *1 (Kan. 2011) (unpublished opinion); *State v. Mondragon-Martinez*, No. 107,833, 2014 WL 642023, at *2 (Kan. App. 2014) (unpublished opinion), *rev. denied* 301 Kan. 1050 (2015); *State v. Croft*, No. 105,597, 2012 WL 6634389, at *11 (Kan. App. 2012) (unpublished opinion), *rev. granted* 300 Kan. 1105 (2014).

Despite this widespread reliance, we cast doubt on *Crawford's* continuing validity in *State v. Huerta*, 291 Kan. 831, 247 P.3d 1043 (2011). There, we considered equal protection and due process challenges to the restrictions on appellate jurisdiction contained in K.S.A. 21-4721. Although we did not directly address *Crawford*, we suggested its panel had erroneously construed K.S.A. 21-4721(c)(1) when we held:

"Merely moving for a departure sentence does not grant the right of appeal to a defendant, if the result of the motion is a presumptive sentence. See K.S.A. 21-4721(c)(1). The only defendants permitted to appeal are those sentenced to an upward departure on the State's motion or the court's notice, [citation omitted], *or those who seek a downward departure to a specific term and who receive the departure but to a term longer than the one sought,* [citation omitted]." (Emphasis added.) 291 Kan. at 836.

So under *Huerta*, a defendant who requests a durational departure to a specific term, and then receives a favorable durational departure but to a term longer than the one requested, could appeal that ruling. In other words, under those circumstances the defendant could indeed complain the sentencing court "did not depart enough."

Looney concedes *Huerta* could be read to preclude appellate review of his sentence because his requested probation, while a departure from his presumptive sentence, was not one of a specific term. He further concedes *Crawford* would certainly bar his appeal. But he argues these would be contrary to the plain language of K.S.A. 21-4721, and therefore the Court of Appeals had jurisdiction to consider his appeal. We agree with Looney.

Looney unquestionably received a departure sentence. He was sentenced to 72 months' imprisonment when his presumptive sentence was 169 to 187 months. See K.S.A. 21-4703(f) (defining a departure as "a sentence which is inconsistent with the presumptive sentence for an offender"). Further, the court explicitly recognized on the record Looney was receiving a durational departure.

And clearly "[a] departure sentence is subject to appeal by the defendant . . . ." K.S.A. 21-4721(a). The statute's language makes no distinction between a favorable or unfavorable departure. Nor does it express the departure is not appealable because it is "enough." See *Gannon v. State*, 298 Kan. at 1143 (" '[T]he best and only safe rule for ascertaining the intention of the makers of any written law, is to abide by the language they have used.' "). So the Court of Appeals has jurisdiction over Looney's appeal under subsection (a).

As for its statutory basis to deny jurisdiction, the Court of Appeals simply cited K.S.A. 21-4721(c). To the extent the Court of Appeals relied on subsection (c)(1) to dismiss Looney's appeal, it erred because this subsection only bars review of presumptive sentences: "[T]he appellate court shall not review . . . [a]ny sentence that is within the *presumptive sentence* for the crime." (Emphasis added.) And Looney did not receive a presumptive sentence—

from 169 to 187 months' imprisonment. So subsection (c)(1) does not bar the Court of Appeals' jurisdiction to hear his appeal.

While in *Huerta* we essentially acknowledged the *Crawford* panel had erroneously ruled subsection (c)(1) barred review of many departure sentences, Looney argues our language was too restrictive. We agree. We therefore explicitly overrule *Crawford* and hold all departure sentences are subject to appeal under K.S.A. 21-4721(a) unless appellate jurisdiction is divested by a more specific provision. We also expressly clarify any contrary signal in *Foy* or *Huerta*.

> *Subsection (c)(2) does not divest the Court of Appeals of jurisdiction to consider Looney's appeal.*

The State primarily argues the Court of Appeals correctly dismissed Looney's appeal because its jurisdiction was divested by subsection (c)(2) of K.S.A. 21-4721. This provision states an appellate court shall not review "any sentence resulting from an agreement between the state and the defendant which the sentencing court approves on the record." And per the State, Looney agreed he should be sentenced to 72 months' imprisonment.

Looney responds that his request for a downward dispositional departure to probation obviously is an express disagreement with a 72-month prison sentence. So the plain language of agreement contained in subsection (c)(2) cannot bar appellate jurisdiction over his appeal.

As mentioned, the prosecutor acknowledged to the court at rearraignment that the State was "not going to bind [defense counsel] from making a dispositional departure motion." Defense counsel later responded, "[T]hen, I'm free to argue for a dispositional departure, Judge, to Corrections and she's [prosecutor] free to argue prison." Consistent with these statements, Looney's counsel eventually filed a motion for a dispositional departure and at sentencing argued in support while the State argued against it. Under these circumstances, we conclude there was nothing to establish an agreed-upon sentence under subsection (c)(2).

The State also argues *States v. Williams*, 37 Kan. App. 2d 404, 153 P.3d 566 (2007), supports its position. There, the defendant

appealed the denial of his dispositional and durational departure motion, and the Court of Appeals panel dismissed for lack of jurisdiction. But *Williams* is readily distinguishable, primarily because the sentences imposed were within the presumptive sentencing ranges and therefore unappealable under K.S.A. 21-4721(c)(1).

Judgment of the Court of Appeals summarily dismissing the case for lack of jurisdiction is reversed, and the case is remanded to the Court of Appeals for consideration of the merits.

MORITZ, J., not participating.