NOT DESIGNATED FOR PUBLICATION

No. 112,171

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

JORGE ZOZAYA,
*Appellant.*


MEMORANDUM OPINION

Appeal from Sedgwick District Court; DOUGLAS R. ROTH, judge. Opinion filed November 6, 2015. Affirmed.

*Michelle A. Davis*, of Kansas Appellate Defender Office, for appellant.

*Lesley A. Isherwood*, of assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before ATCHESON, P.J., BUSER and GARDNER, JJ.


*Per Curiam*:  Consistent with a plea agreement, the Sedgwick County District Court imposed consecutive guidelines sentences on Defendant Jorge Zozaya for a series of sex crimes against three minors. Zozaya thereby avoided life sentences for what otherwise would have been Jessica's law offenses. Zozaya appeals because the district court rejected his request for an additional durational departure. We find no abuse of the district court's discretion and affirm.

Under the agreement, Zozaya pleaded guilty to two counts of rape, two counts of aggravated criminal sodomy, one count of aggravated indecent solicitation of a child, two counts of aggravated indecent liberties with a child, and one count of kidnapping. The victims were three children between 9 and 11 years old. All of those crimes are serious felonies, and some carry potential life sentences. Although Zozaya maintained he had not committed the crimes, the district court accepted the pleas because Zozaya wanted to take advantage of the favorable plea bargain with the State. The plea agreement called for the State to recommend aggravated guidelines sentences to be served consecutively, effectively bypassing life sentences. The agreement allowed Zozaya to request additional durational departures from the district court at sentencing.

Before the sentencing hearing, Zozaya filed a motion requesting a departure to half the middle guidelines sentence for each offense. At the hearing, the district court granted the departure to the sentencing grid and imposed aggravated sentences to be served consecutively, yielding a controlling term of imprisonment of 330 months. The district court denied Zozaya's motion for any additional relief. Zozaya appeals that ruling.

A criminal defendant may appeal a decision of a district court imposing a departure sentence less generous than the requested departure. See *State v. Looney*, 299 Kan. 903, 907-08, 327 P.3d 425 (2014). Appellate courts review the extent of a district court's sentencing departure for abuse of discretion. *State v. Spencer*, 291 Kan. 796, 807, 248 P.3d 256 (2011). A district court may be said to have abused its discretion if the result it reaches is "arbitrary, fanciful, or unreasonable." *Unruh v. Purina Mills*, 289 Kan. 1185, 1202, 221 P.3d 1130 (2009). That is, no reasonable judicial officer would have come to the same conclusion if presented with the same record evidence. An abuse of discretion may also occur if the district court fails to consider or to properly apply controlling legal standards. *State v. Woodward*, 288 Kan. 297, 299, 202 P.3d 15 (2009). A district court errs in that way when its decision "'goes outside the framework of or fails to properly consider statutory limitations or legal standards.'" 288 Kan. at 299 (quoting

*State v. Shopteese*, 283 Kan. 331, 340, 153 P.3d 1208 [2007]). Finally, a district court may abuse its discretion if a factual predicate necessary for the challenged judicial decision lacks substantial support in the record. *Northern Natural Gas Co. v. ONEOK Field Services Co.*, 296 Kan. 906, 935, 296 P.3d 1106 (outlining all three bases for an abuse of discretion), *cert. denied* 134 S. Ct. 162 (2013); *State v. Ward*, 292 Kan. 541, Syl. ¶ 3, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012).

Here, Zozaya does not contend the district court incorrectly applied the law or misunderstood the relevant facts. Rather, he says the district court acted in a way no reasonable judicial officer would have under the circumstances. Zozaya points out:  he fell in the lowest criminal history category on the sentencing grid; he had been gainfully employed until his arrest; he had been evaluated as having a low risk of reoffending; he enjoys strong support among his family members; and he has no history of substance abuse. The district court acknowledged those considerations and weighed them against the crimes of conviction. The district court noted that sex offenses against children are among the most harshly punished crimes in Kansas, reflecting a legislative and public policy determination about the enormous harm those crimes inflict upon victims and their families. The district court also observed that Zozaya committed the offenses against multiple victims, on multiple occasions, and in multiple locations—demonstrating a pattern of sexual abuse directed at especially vulnerable victims. And the district court found Zozaya's consistent denial of the wrongful acts would inhibit any meaningful rehabilitation through sex offender treatment programs.

In sum, the district court made a considered evaluation of mitigating and aggravating circumstances and concluded they warranted a departure from off-grid punishment to a long period of imprisonment consistent with the sentencing guidelines and the State's recommendation under the plea agreement. We find no abuse of discretion in that determination.

3

Affirmed.