NOT DESIGNATED FOR PUBLICATION

No. 113,824

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RANDALL RAY GOETTING,
*Appellant*.


MEMORANDUM OPINION

Appeal from Johnson District Court; THOMAS KELLY RYAN, judge. Opinion filed March 4, 2016.
Affirmed.

*Carol Longenecker Schmidt*, of Kansas Appellate Defender Office, for appellant.

*Steven J. Obermeier*, senior deputy district attorney, *Stephen M. Howe*, district attorney, and
*Derek Schmidt*, attorney general, for appellee.

Before MALONE, C.J., SCHROEDER, J., and BURGESS, S.J.

*Per Curiam*: Randall Ray Goetting appeals the district court's imposition of a
$250 fine without first considering his ability to pay. We find Goetting invited the error
he challenges on appeal.


FACTUAL AND PROCEDURAL BACKGROUND

Goetting was charged with one count of driving under the influence of alcohol
(DUI) with three or more prior convictions for DUI and one count of driving while his
license was suspended. As part of a plea agreement, Goetting agreed to pay a $250 fine

1

for driving while suspended. The State agreed not to amend the complaint to include additional charges.

Goetting pled guilty to both counts. At sentencing, Goetting's attorney asked the district court to follow the plea agreement. When asked if he wanted to say anything on his own behalf, Goetting replied, "No, I'm happy with everything. I'm satisfied with everything that's going on." The district court sentenced Goetting in accordance with his plea agreement and stated, in part, "according to the parties' plea negotiations, the fine on the driving while suspended will be a $250 fine."

Goetting timely appealed "the postponement of the felony post imprisonment supervision until after the end of the misdemeanor [d]riving [w]hile [s]uspended sentence, and all adverse rulings entered herein to the Court of Appeals of the State of Kansas."

DID THE DISTRICT COURT ERR WHEN IT ORDERED GOETTING TO PAY THE $250 FINE?

On appeal, Goetting argues the district court erred when it ordered him to pay the $250 fine without first considering his ability to pay. The only issue briefed was the amount of the fine assessed, and Goetting did not brief all of the issues he raised in his notice of appeal. The State argues Goetting invited the error he complains of, the sentence was not illegal, and this court does not have jurisdiction over the ruling because it was not an adverse ruling.

Whether jurisdiction exists is a question of law over which this court's scope of review is unlimited. *State v. Looney*, 299 Kan. 903, 906, 327 P.3d 425 (2014). While notices of appeal are liberally construed to assure proceedings are just, "there is still a substantive minimum below which a notice cannot fall and still support jurisdiction." *State v. Laurel*, 299 Kan. 668, 673, 325 P.3d 1154 (2014). The State argues the $250 fine

2

was not an adverse ruling because it was part of the plea agreement Goetting requested the district court follow. The district court's sentence was an adverse ruling. Consequently, we have jurisdiction to hear Goetting's appeal.

However, we decline to address the merits of Goetting's argument. A litigant may not invite error and then complain of the error on appeal. *State v. Verser*, 299 Kan. 776, 784, 326 P.3d 1046 (2014). Goetting bargained for the $250 fine in his plea agreement. His attorney asked the district court to sentence him pursuant to the plea agreement. Goetting did not challenge the recommended sentence when he had a chance to speak. Instead, Goetting said he was happy and satisfied with everything. Goetting bargained for the imposition of the $250 fine and asked the district court to follow his plea agreement. Goetting got what he bargained for, and he cannot complain of the error on appeal.

Affirmed.