NOT DESIGNATED FOR PUBLICATION

No. 117,686

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOHN A. SPENCER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; STEPHEN J. TERNES, judge. Opinion filed December 29, 2017. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2016 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM: John A. Spencer appeals his felony sentence for aggravated escape from custody, claiming the district court abused its discretion when it refused to grant him probation. Spencer filed a motion for summary disposition of his appeal pursuant to Supreme Court Rule 7.041A (2017 Kan. S. Ct. R. 48). The State did not object, and we granted Spencer's motion for summary disposition in lieu of briefs. Because we find no abuse of discretion on the part of the district court, we affirm.

Spencer, without a plea agreement with the State, pled guilty to aggravated escape from custody, a severity level 5 nonperson felony. According to the presentence investigation (PSI) report, Spencer's criminal history score was listed as D, making his

1

presumptive sentence 55, 52, or 50 months. His sentence also fell in the presumptive prison category because he committed his crime while incarcerated for another felony. See K.S.A. 2016 Supp. 21-6604(f)(1). Spencer's counsel, believing Spencer to have a criminal history score of H and thinking Spencer fell within a border box on the sentencing grid, sought probation on numerous grounds, principally that Spencer, as an alcoholic, could be reformed through drug treatment. At sentencing, the district court agreed to treat Spencer's motion as one seeking a departure, but Spencer's counsel handed the court a newly minted departure motion. A copy of that motion is not in the record on appeal. Spencer did not object to his criminal history. While the district court granted Spencer a downward durational departure to 30 months' incarceration and 24 months' postrelease supervision, largely due to Spencer's addiction to alcohol, it refused to grant probation, citing Spencer's lengthy criminal history. Spencer now appeals, contending the district court abused its discretion in not granting him probation.

Typically, we lack jurisdiction to review a sentence that is within the presumptive sentence range for the crimes committed. See K.S.A. 2016 Supp. 21-6820(c)(1); *State v. Sprung*, 294 Kan. 300, 317, 277 P.3d 1100 (2012) ("Under [the previous version of K.S.A. 2016 Supp. 21-6820(c)(1)], appellate courts lack jurisdiction to review challenges to presumptive sentences."). However, our Supreme Court has held that where the district court grants a downward durational departure yet imposes the statutory presumption of imprisonment, an appellate court has jurisdiction to consider the defendant's complaint that the district court "'did not depart enough.'" *State v. Looney*, 299 Kan. 903, 908, 327 P.3d 425 (2014). Because Spencer's complaint is that the district court did not depart enough in failing to grant him probation, we may consider the merits of his appeal.

When the extent of a departure is challenged, our "'standard of review is abuse of discretion, measuring whether the departure is consistent with the purposes of the guidelines and proportionate to the crime severity and the defendant's criminal history.' [Citation omitted.]" *State v. Cato-Perry*, 50 Kan. App. 2d 623, 629, 332 P.3d 191 (2014),

2

*rev. denied* 302 Kan. 1013 (2015). A judicial action constitutes an abuse of discretion if the action "(1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact." *State v. Waller*, 299 Kan. 707, 722, 328 P.3d 1111 (2014). Spencer bears the burden to show an abuse of discretion by the district court. See *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

Here, the district court cited Spencer's long-standing alcohol addiction and the fact that he turned himself in shortly after he absconded as grounds for the durational departure. But the district court rejected probation on the grounds that Spencer was a danger to the community given his lengthy criminal history, history of violent offenses, and the fact that he committed his present crime while incarcerated for another crime. Given the record before us and the statutory presumption of imprisonment, we cannot say the district court's refusal to grant Spencer probation constitutes an abuse of discretion.

Affirmed.