NOT DESIGNATED FOR PUBLICATION

No. 118,544

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

GARY WAYNE KELLEY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Allen District Court; DANIEL D. CREITZ, judge. Opinion filed June 29, 2018. Appeal dismissed.

*Jennifer C. Roth*, of Kansas Appellate Defender Office, for appellant.

*Jacqie Spradling*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before LEBEN, P.J., STANDRIDGE, J., and RYAN W. ROSAUER, District Judge, assigned.

ROSAUER, J.: Gary Kelley appeals the district court's sentence. Kelley pled no contest to felony possession of methamphetamine. At sentencing, the district court determined Kelley's criminal history was an A. Kelley did not object to the A criminal history. The court denied Kelley's motion for a dispositional departure to probation and sentenced Kelley to the presumptive prison term of 40 months.

Because the district court sentenced Kelley to the presumptive sentence, this court does not have jurisdiction to hear Kelley's appeal.

1

FACTUAL AND PROCEDURAL BACKGROUND

In March 2015, the State charged Kelley with felony possession of methamphetamine (a drug severity level 5 felony), misdemeanor possession of drug paraphernalia, and driving under the influence. Kelley waived his preliminary hearing in August 2015. In May 2016, Kelley pled no contest to possession of methamphetamine in accordance with a plea agreement where the State agreed to stand silent on Kelley's motion for a dispositional departure. It took some time to get to sentencing because of Kelley's treatment needs and witness availability issues. Sentencing occurred in September 2017.

At sentencing, Kelley listed several factors in support of his motion to depart. He cited his age (65 at the time of the offense and 67 at the time of sentencing), the availability of a recommended treatment program, a nonprison sanction would serve community interests and offender reformation, his person felonies were 45-years old, he was not a threat to society, his supportive family, steps he had taken towards rehabilitation, the need to reserve prison beds for violent offenders, his admission of responsibility and cooperation in his prosecution, his addiction being the source of his misconduct along with his voluntary treatment efforts, and the degree of harm from his offense was less than typical. At sentencing, Kelley presented testimony from his treatment provider and provided his own statement. In accordance with the plea agreement, the State did not contest Kelley's departure motion. After hearing the evidence, the district court denied Kelley's motion to depart and sentenced him to the presumptive sentence of 40 months.

A week after sentencing, Kelley moved the court to reconsider his sentence. The court held a hearing on the motion, but the court affirmed its original sentence. Kelley timely appealed.

2

Kelley argues the district court abused its discretion when it sentenced Kelley by misconstruing the law governing departure factors. The State argues this court does not have jurisdiction to hear Kelley's appeal. The State further argues if this court does have jurisdiction, then the district court did not abuse its discretion when denying Kelley's departure motion.

ANALYSIS

This court does not have jurisdiction to hear Kelley's appeal of the district court's denial of his departure motion. Kelley had a criminal history of A. After his no contest plea, the district court convicted him of a severity level 5 drug felony. Therefore, in accordance with K.S.A. 2014 Supp. 21-6805(a), the sentencing grid for drug offenses, the presumptive sentence was 37 to 42 months with a standard sentence of 40 months. The district court sentenced Kelley to that 40-month sentence, thus giving him the presumptive sentence.

For any felony committed on or after July 1, 1993, this court shall not review any sentence falling within the presumptive sentence under K.S.A. 2014 Supp. 21-6821(c)(1). See also *State v. Johnson*, 286 Kan. 824, 842, 190 P.3d 207 (2008) ("As in these cases, we conclude a sentence that falls within a grid block is constitutional and may be considered a presumptive sentence, and appellate courts lack jurisdiction."). Kelley does not attack the constitutionality of the sentence. Neither is this a case where the district court departed but not to the extent defendant requested. Had the district court departed in any manner, this court would have jurisdiction to consider an appeal of that departure because K.S.A. 2014 Supp. 21-6821(c)(1) applies only to presumptive sentences. See *State v. Looney*, 299 Kan. 903, 908-09, 327 P.3d 425 (2014).

We dismiss this appeal for lack of jurisdiction.