NOT DESIGNATED FOR PUBLICATION

No. 118,372

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JACOB R. GILLILAND,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER M. MAGANA, judge. Opinion filed October 5, 2018. Affirmed.

*Kimberly Streit Vogelsberg*, of Kansas Appellate Defender Office, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., PIERRON and POWELL, JJ.

PER CURIAM: Jacob Gilliland appeals his Sedgwick County sentence for possession of methamphetamine. He contends it is an abuse of discretion by the court to order him to serve this sentence after he serves his sentence for a Butler County crime. Because a reasonable person could agree with the district court's order to serve the sentences consecutively, we affirm.

Originally, the State charged Gilliland with possession of methamphetamine, possession of marijuana, and possession of drug paraphernalia. Complying with the terms

1

of their plea agreement, Gilliland pled guilty to possession of methamphetamine. The State, in turn, dismissed the remaining counts.

The State also made sentence recommendations. It suggested the court sentence Gilliland to a 37-month prison sentence, reflecting the low number in the sentencing grid box. The State also urged the court to order the prison sentence to be concurrent with Butler County case number 16CR147 but *consecutive* to Butler County case number 15CR127. The State also asked the court to make the sentence concurrent with any other sentence the parties were unaware of.

We note that because Gilliland had committed this crime while on bond posted in Butler County case number 15CR127, a special rule required that this sentence be consecutive to the sentence in that case. Gilliland's criminal history score was A.

Gilliland asked for a durational departure, which the court granted and sentenced him to 30 months in prison instead of 37 months. Gilliland had a conviction in Butler County case number 16CR592 that the parties had not contemplated in the plea agreement. The court ordered that his sentence be concurrent with his sentence in case number 16CR592, but *consecutive* to Butler County case numbers 15CR127 and 16CR147. The court intended that this 30-month sentence be served after the 50 months Gilliland was serving for his Butler County crimes. Gilliland timely appeals.

We can review this matter because the law allows appellate courts to review departure sentences, even if the appeal is taken by a party receiving a downward departure. K.S.A. 2015 Supp. 21-6820(a); *State v. Looney*, 299 Kan. 903, 909, 327 P.3d 425 (2014).

To us, Gilliland contends that the district court abused its discretion because no reasonable person would have ordered that his sentence be made consecutive to his

2

Butler County case number 16CR147 in light of the State's recommendations. Effectively, this order increased his 50-month prison sentence from Butler County by adding 30 months. Just as he argued before the district court—he contends that:

- he has taken responsibility for his actions;
- his prior convictions were not recent;
- he has worked 40 hours a week at his prison job;
- he was not the owner of the methamphetamine in question;
- he intended to complete drug treatment;
- he had three children and a fiancée; and
- an increase in his prison sentence would make it difficult to reintegrate into society.

There are certain realities that must be acknowledged here. The parties to a plea agreement must assume the risk that a sentencing court will impose a different sentence than that recommended in their plea agreement. It is within the trial court's sound discretion to decide whether a sentence should be concurrent with or consecutive to another sentence. We review such decisions for an abuse of that discretion. A trial court abuses its discretion if the decision is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. It is Gilliland's burden to demonstrate an abuse of discretion. See *State v. Beck*, 307 Kan. 108, 109-10, 406 P.3d 377 (2017).

We do not see how the court was arbitrary, fanciful, or unreasonable here. When imposing the sentence, the court noted Gilliland's prior convictions. His sentence in Butler County case number 16CR592 was concurrent with the others. The court granted Gilliland a reduced sentence of 30 months. But the court was not willing to order that sentence to be concurrent with the 50 months he was already serving for the Butler County crimes. Gilliland's sentences in Butler County cases 15CR127 and 16CR147 were consecutive for a total of 50 months' incarceration. We cannot ignore that the special rule

3

required his sentence for this case to be consecutive to the sentence in Butler County case number 15CR127. The court's decision was well reasoned. Gilliland makes no claim that the court's decision was based on an error of law or fact. He has not demonstrated abuse of discretion.

Affirmed.