NOT DESIGNATED FOR PUBLICATION

No. 119,468

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TAYLOR B. PERCIADO,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; STEPHEN J. TERNES, judge. Opinion filed December 14, 2018. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2017 Supp. 21-6820(g) and (h).

Before MALONE, P.J., STANDRIDGE and POWELL, JJ.

PER CURIAM: Taylor B. Perciado appeals the district court's departure sentence of 20 months in prison. We granted Perciado's motion for summary disposition pursuant to Supreme Court Rule 7.041A (2018 Kan. S. Ct. R. 47). The State responded by not objecting to summary disposition but requesting that we affirm the sentence imposed. After review, we find no abuse of discretion on the part of the district court and affirm.

Perciado pled guilty to a single count of possession of methamphetamine, a severity level 5 nonperson drug felony. In exchange for his plea, the State agreed to recommend a durational departure of 20 months in prison and Perciado was free to argue for an additional departure. Perciado's presentence investigation report calculated his

1

criminal history score as an A, giving him a presumptive prison sentence range for his crime of 37, 40, or 42 months. Prior to sentencing, Perciado filed a motion for a durational departure, arguing, among other things, that the age of his juvenile conviction for criminal sodomy committed in 2003, the lack of any violent crimes or other sex crimes in his criminal history, his acceptance of responsibility, and community safety would not be enhanced by a longer prison sentence justified such a departure.

At sentencing on April 27, 2018, Perciado asked for a departure sentence of 10 months in prison while the State argued for 20 months. The district court granted Perciado a durational departure but only down to 20 months as agreed to in the plea agreement, stating that Perciado had gotten a "super deal" in the case and that there was no justification for a further departure. The district court cited Perciado's acceptance of responsibility and his cooperation with the State as justification.

Perciado's sole argument on appeal is that the district court abused its discretion in refusing to grant him a further downward durational departure to 10 months in prison. Perciado claims the circumstances of his criminal history and his acceptance of responsibility warrant such a further departure sentence. There is no dispute that Perciado's sentence is reviewable because he asserts the district court did not depart enough. See *State v. Looney*, 299 Kan. 903, 908-09, 327 P.3d 425 (2014). When the extent of a departure is challenged, our standard of review is for an abuse of discretion. *State v. Spencer*, 291 Kan. 796, 807-08, 248 P.3d 256 (2011). "Judicial discretion is abused if the action (1) is arbitrary, fanciful, or unreasonable, i.e., if no reasonable person would have taken the view adopted by the trial court; (2) is based on an error of law . . . ; or (3) is based on an error of fact." *State v. Jones*, 306 Kan. 948, Syl. ¶ 7, 398 P.3d 856 (2017). Perciado bears the burden to show an abuse of discretion by the district court. See *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

Here, the record is clear that the district court took Perciado's arguments into account when making its decision to depart durationally and imposing a 20-month prison sentence. The district court specifically stated that Perciado had received a "super deal," that the departure sentence contemplated in the plea agreement cut his presumptive sentence in half, and that a durational departure below a 20-month prison sentence was not justified. As Perciado fails to persuade us that no reasonable person would have taken the view of the district court, we cannot say the district court's refusal to grant a further durational departure constitutes an abuse of discretion.

Affirmed.