NOT DESIGNATED FOR PUBLICATION

No. 120,546

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

AMANDA DANIELLE RANGEL,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sherman District Court; SCOTT SHOWALTER, judge. Opinion filed July 19, 2019.
Affirmed.

Submitted for summary disposition under K.S.A. 2018 Supp. 21-6820(g) and (h).

Before MALONE, P.J., GREEN and BRUNS, JJ.

PER CURIAM: Amanda Danielle Rangel appeals her sentence following her convictions of possession of methamphetamine and possession of heroin. We granted Rangel's motion for summary disposition under Kansas Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). The State has filed no response.

On April 10, 2018, Rangel pled guilty to one count of possession of methamphetamine and one count of possession of heroin. As part of the plea agreement, the State agreed to recommend a dispositional departure to probation as long as Rangel committed no new crimes before sentencing. But before sentencing, Rangel was arrested for possession of narcotics in California. At sentencing, Rangel moved for a dispositional

1

departure. While the district court denied that request, it granted a downward durational departure to 72 months' imprisonment. Rangel timely appealed her sentence.

On appeal, Rangel claims the district court erred in not granting her a dispositional departure to probation. She points out that her criminal history is void of any person felonies and her crimes all stem from her addiction to drugs and alcohol. Rangel asserts that she is better suited for probation so she can obtain treatment outside of prison.

We have jurisdiction over Rangel's sentencing appeal because she received a durational departure. See *State v. Looney*, 299 Kan. 903, 909, 327 P.3d 425 (2014). When the extent of a departure sentence is challenged, the appellate standard of review is abuse of discretion. *State v. Spencer*, 291 Kan. 796, 807-08, 248 P.3d 256 (2011). A judicial action constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the district court; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015). The party asserting the district court abused its discretion bears the burden of showing the abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

Here, the State agreed to recommend a dispositional departure to probation as long as Rangel committed no new crimes before sentencing, but she could not even meet that challenge. The district court showed leniency to Rangel by granting her a durational departure, but it denied her request for probation when the presumptive sentence called for prison. As the district court told Rangel at the sentencing hearing: "It is simple. Your actions speak far louder than your words." The district court's decision to deny Rangel's request for a dispositional departure was not arbitrary, fanciful, or unreasonable, and it was not based on an error of fact or law. Rangel has failed to show that the district court abused its discretion by denying her request for a dispositional departure.

Affirmed.

2