NOT DESIGNATED FOR PUBLICATION

No. 121,653

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

HENRY PAUDA ESQUIVEL,
*Appellant*.

MEMORANDUM OPINION

Appeal from Ford District Court; SIDNEY R. THOMAS, judge. Opinion filed February 14, 2020. Appeal dismissed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2019 Supp. 21-6820(g) and (h).

Before GREEN, P.J., HILL and LEBEN, JJ.

PER CURIAM: Henry Pauda Esquivel pleaded no contest to one count of distribution of methamphetamine. The district court granted Esquivel's and the State's joint recommendation for a durational departure and sentenced Esquivel to 72 months in prison with 36 months of postrelease supervision. Esquivel now appeals, arguing the district court erred in sentencing him. We granted Esquivel's motion for summary disposition under Kansas Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). Since this court lacks jurisdiction to hear Esquivel's appeal, it is dismissed.

1

In February 2019, Esquivel pleaded no contest to one count of distribution of methamphetamine in violation of K.S.A. 2018 Supp. 21-5705(a)(1). As part of the agreement, Esquivel and the State jointly recommended a downward durational departure sentence of 36 months in prison. But the State reserved the right to request the full sentence if Esquivel violated his bond. Esquivel subsequently violated his bond. Esquivel filed a motion for a durational departure to 72 months in prison. At sentencing, the State agreed with Esquivel's departure motion and recommended to the district court that it follow the agreement. The district court followed the agreement and sentenced Esquivel to 72 months in prison with 36 months of postrelease supervision.

Esquivel appeals.

An appellate court must be vigilant in deciding whether it has jurisdiction to review a case. Whether appellate jurisdiction exists is a question of law subject to de novo review. *State v. Looney*, 299 Kan. 903, 906, 327 P.3d 425 (2014).

Esquivel argues that the district court erred in sentencing him. But under K.S.A. 2018 Supp. 21-6820(c)(2), an appellate court shall not review "any sentence resulting from an agreement between the state and the defendant which the sentencing court approves on the record." K.S.A. 2018 Supp. 21-6820(a) grants appellate courts the jurisdiction to review a departure sentence. But an appellate court still lacks jurisdiction to review a departure sentence when that sentence results from "'an agreement between the state and the defendant which the sentencing court approves on the record.'" *State v. Cooper*, 54 Kan. App. 2d 25, 28, 394 P.3d 1194.

Here, the State and Esquivel reached an agreement in which Esquivel agreed to plead no contest to distributing methamphetamine, in exchange for the State dismissing the other charges, and the State's agreement to join in recommending a durational departure to 36 months in prison. After Esquivel violated his bond, he filed a motion for a

durational departure to 72 months in prison. At sentencing, the State supported the motion and asked the district court to follow the agreement. The court agreed to follow the parties' modified agreement, granted the departure motion, and sentenced Esquivel to 72 months in prison with 36 months of postrelease supervision.

Because the district court approved on the record Esquivel's and the State's agreement, we lack jurisdiction to hear this appeal.

Appeal dismissed.