NOT DESIGNATED FOR PUBLICATION

Nos. 121,078
121,079

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ISAAC J. RODRIGUEZ,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; TERRY L. PULLMAN., judge. Opinion filed May 29, 2020. Affirmed.

*Reid T. Nelson*, of Capital and Conflicts Appeals Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., WARNER, J. and ROBERT J. WONNELL, District Judge, assigned.

PER CURIAM: Isaac J. Rodriguez was charged with possession of methamphetamine with intent to distribute, along with other charges, after being found with more than 700 grams of methamphetamine. Rodriguez eventually pleaded guilty to possession of methamphetamine with intent to distribute and, in a separate case, to fleeing or attempting to elude law enforcement. A joint recommendation for a durational departure on the drug offense was a part of the plea agreement.

At sentencing, Rodriguez called multiple witnesses to support his argument of significant life changes in the time between his arrest and sentencing. In addition to the agreed-upon request for a durational departure, Rodriguez also requested a dispositional departure.

After hearing the evidence and argument from both parties, the district court granted Rodriguez' request for a durational departure but denied his request for a dispositional departure. Rodriguez appeals, arguing the district court abused its discretion.

*Factual and Procedural Background*

Rodriguez pleaded guilty in 18 CR 1009 to fleeing or attempting to elude an officer and in 18 CR 2150 to possession of methamphetamine with intent to distribute. Pursuant to the plea agreement, the State dismissed the remaining counts on each case. Under the plea agreement, the State agreed to recommend the high box number in 18 CR 1009 and, in the second case, a durational departure from the standard 178-month sentence to 138 months' imprisonment.

Before sentencing, Rodriguez filed a motion for durational or dispositional departure in both cases. Rodriguez argued that a departure was appropriate for the following substantial and compelling reasons: (1) The State did not prosecute the case for nearly two years; (2) he had a meritorious defense, but that it might have failed; (3) he had made significant changes for the better in the prior 15 months; (4) he complied with all conditions of pretrial service without issue; (5) he was gainfully employed; and (6) he was actively making child support payments.

At sentencing, Rodriguez called several witnesses that testified in support of his motion. Kristopher Hall, an employee at Second Chance Industries, testified that

Rodriguez was involved in a sober living program. According to Hall, Rodriguez actively participated in the program and became a house leader.

Chris Baldridge, chief operations officer at Paragon Electric, testified that Rodriguez was an employee at Paragon Electric. According to Baldridge, he noticed a marked positive change in Rodriguez in the months prior to sentencing. Baldridge went so far as to say that he trusted Rodriguez with keys to the warehouse which had around 80 million dollars' worth of equipment and materials in it.

Brandi Breeden, Rodriguez' pretrial intensive supervision officer, testified that while on pretrial supervision, Rodriguez did not test positive for drugs or alcohol and reported on time or called in advance to reschedule. She agreed that Rodriguez was "the model of what we would hope anyone on pretrial services would be."

After hearing the evidence and arguments from both parties, the district court granted Rodriguez a durational departure—as recommended in the plea agreement. However, the court denied Rodriguez' request for a dispositional departure. The court sentenced Rodriguez to a controlling 138-month sentence. The court noted that "[s]entencing just on the face of the paperwork, sentencing on just the face of the history would be simple. It's complicated in this case because I do have testimony of people on a limited period of time that give the impression that they're not so easily fooled." But the court reasoned that Rodriguez' crimes were extremely serious, noting that the case involved "over 700-grams of methamphetamine plus a significant amount of cash . . . which I have to believe derived from illegal drug activities and possession of weapons."

Rodriguez appeals, arguing the district court abused its discretion by denying his motion for a dispositional departure.

*Did the district court abuse its discretion by denying Rodriguez' motion for dispositional departure?*

*Standard of Review*

When a defendant challenges the extent of a departure, this court reviews the district court's decision for abuse of discretion "measuring whether the departure is consistent with the purposes of the guidelines and proportionate to the crime severity and the defendant's criminal history." *State v. Spencer*, 291 Kan. 796, 807-08, 248 P.3d 256 (2011).

"A district court abuses its discretion when: (1) no reasonable person would take the view adopted by the district court judge; (2) a ruling is based on an error of law; or (3) substantial competent evidence does not support a finding of fact on which the exercise of discretion is based." *State v. Gentry*, 310 Kan. 715, 734, 449 P.3d 429 (2019). The party asserting the district court abused its discretion bears the burden of showing such abuse of discretion. *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

*Jurisdiction*

All departure sentences are subject to appeal under K.S.A. 2019 Supp. 21-6820(a) unless appellate jurisdiction is divested by a more specific provision. See *State v. Looney*, 299 Kan. 903, 909, 327 P.3d 425 (2014). No specific provision has divested this court of jurisdiction and this matter is properly before this court.

*Discussion*

It is important to note that the trial court granted a durational departure to Rodriguez while denying a dispositional departure. On appeal, Rodriguez argues that no

reasonable person would have denied his motion for a dispositional departure sentence after consideration of his substantial and compelling factors argument. In essence, Rodriguez is asking this court to reweigh the evidence in his favor to justify a greater departure—something that this court cannot do.

Kansas law provides that "the sentencing judge shall impose the presumptive sentence provided by the sentencing guidelines unless the judge finds substantial and compelling reasons to impose a departure sentence." K.S.A. 2019 Supp. 21-6815(a). "Substantial" means something real, not imagined; something with substance, not ephemeral. "Compelling" means that the court is forced, by the facts of the case, to leave the status quo or go what is beyond ordinary. *State v. Reed*, 302 Kan. 227, 250, 352 P.3d 530 (2015).

Here, the district court considered testimony from multiple witnesses and discussed in detail the parameters of the agreement and the applicable factors. The district court observed the witnesses and the defendant personally. The district court considered the evidence and agreed with the parties that a durational departure was appropriate in Rodriguez' case.

But the court also noted that Rodriguez broke the law, pointing to the fact that Rodriguez was found with a large amount of methamphetamine on his person. Just because a durational departure is warranted does not necessarily mean that a dispositional departure is also appropriate. See *State v. Allen*, No. 118,774, 2019 WL 986038, at *2 (Kan. App. 2019) (unpublished opinion). Similar to *Allen*, the district court in this case discussed the relevant criminal history and nature of the present crimes and determined that the cumulative evidence did not meet the requirements to depart from the presumptive dispositional sentence. This process was in accordance with the Legislature's directive to the courts to impose the presumptive sentence unless substantial and compelling reasons are found to exist.

Rodriguez has failed to meet his burden to show an abuse of discretion under the *Gentry* factors. See 310 Kan. at 715. The district court considered the testimony regarding good conduct since arrest but found absent substantial and compelling reasons to depart in disposition based on the large amount of methamphetamine found with the defendant and his prior drug-related convictions. A reasonable person could come to this conclusion. The district court weighed the evidence and applied the law and did not abuse its discretion under the guidelines.

Affirmed.