NOT DESIGNATED FOR PUBLICATION

No. 121,257

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BRIAN DEAN BELT,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court, C. WILLIAM OSSMANN, judge. Opinion filed June 19, 2020. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2019 Supp. 21-6820(g) and (h).

Before STANDRIDGE, P.J., LEBEN and BRUNS, JJ.

LEBEN, J.: Brian Belt appeals the district court's decision to send him to prison, contending that the court should have granted him probation. But Belt's presumptive sentence under the Kansas sentencing guidelines was prison, and any decision to depart from that presumptive sentence was a discretionary call for the district court. We find no abuse of discretion in its denial of Belt's request for probation, and we affirm the district court's judgment.

FACTUAL AND PROCEDURAL BACKGOUND

Belt pleaded guilty to possessing methamphetamine with the intent to distribute it. The presumptive sentence for that offense, in light of Belt's criminal-history score of E,

was 105 to 116 months in prison. Belt's criminal history fell into the E category, the fifth highest history score out of nine, because he had at least three nonperson felonies but no person felonies. See K.S.A. 2019 Supp 21-6805(a). In all, Belt had 16 nonperson felonies and 10 nonperson misdemeanors since 1995.

Under the plea agreement, Belt and the State agreed that "sentencing [would] be open," meaning that they didn't agree to recommend a certain sentence. Before sentencing, Belt filed a motion asking the district court to impose a different sentence than would otherwise be required under the Kansas sentencing guidelines. He asked for a dispositional departure (a request that the district court place him on probation instead of sending him to prison) and a durational departure (a request for a shorter prison term than the presumptive term imposed by the Kansas sentencing guidelines). See K.S.A. 2019 Supp. 21-6803(g), (i).

In his motion, Belt cited several factors to support his request. He claimed that he had accepted responsibility for his crime by confessing to an officer shortly after his arrest and by pleading guilty. He said that his success in narcotics outpatient treatment while on bond in this case showed that he was likely to succeed on probation. He said that he had supportive family in the Topeka community; a letter from his high-school-age son was attached to the motion. Belt also said that the degree of harm for his crime was less than typical (because he had possessed a small volume of drugs) and that prison would be a hard place for someone who, like Belt, was 55 years old and had health problems.

At sentencing, the district court denied Belt's request for probation but agreed to impose a shorter prison sentence of 93 months. The court concluded that there were two substantial and compelling reasons to grant the durational departure: acceptance of responsibility and good behavior while on bond. But the court didn't find Belt's other arguments persuasive. The court acknowledged that Belt had a supportive family, but it

2

didn't think that justified a departure because he had had a supportive family throughout the course of his lengthy criminal history. The court also rejected Belt's degree-of-harm argument, saying that other people in the community had used drugs due to Belt's crime. Nor did the court think Belt's age justified a lesser sentence; instead, it showed that Belt hadn't been able to change his behavior over the course of more than two decades of offenses.

Belt has now appealed to this court, arguing that the district court should have sentenced him to probation.

ANALYSIS

The legal rules applicable to this appeal are straightforward. Under K.S.A. 2019 Supp. 21-6820(a), a defendant may appeal a departure sentence, even one favorable to him or her. See *State v. Looney*, 299 Kan. 903, 909, 327 P.3d 425 (2014). We review a challenge to the extent of a departure for abuse of discretion. *State v. Spencer*, 291 Kan. 796, 807-08, 248 P.3d 256 (2011). A district court abuses its discretion when it bases its decision on a legal or factual error or when no reasonable person could have agreed with the court's decision. *State v. Parry*, 305 Kan. 1189, 1192, 390 P.3d 879 (2017). Belt has not alleged any factual or legal error, so he can succeed on appeal only if no reasonable person would have agreed with the district court's decision.

Belt argues that the same factors that the court said justified a durational departure—acceptance of responsibility and good behavior on bond—warranted a dispositional departure too. Belt cites his exemplary compliance with outpatient treatment during his bond and says that his substance-abuse issues would be better addressed on probation. Belt also points out that his criminal history, while extensive, does not contain any person felonies.

3

We find no abuse of discretion here. Belt was convicted of a severity-level 2 felony (the second most severe category) for which prison was the presumptive guideline sentence. Although the district court granted a durational departure to a shorter sentence than the sentencing guidelines called for, the court was not required to also grant a dispositional departure to probation. Belt had an extensive criminal history, even if he had only committed nonperson felonies. And the district court noted that Belt had not taken advantage of prior chances to correct his behavior. So while it may have been reasonable under these circumstances to grant the dispositional departure, a reasonable person could also conclude that prison was the appropriate sentence. In this circumstance, the district court did not abuse its discretion.

On Belt's motion, we accepted his appeal for summary disposition under K.S.A. 2019 Supp. 21-6820(g) and (h) and Supreme Court Rule 7.041A (2020 Kan. S. Ct. R. 47). We have reviewed the record available to the sentencing court and we find no error in its decision to deny Belt's request for a dispositional departure.

We therefore affirm the district court's judgment.