NOT DESIGNATED FOR PUBLICATION

No. 121,802

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MARK EUGENE RAMAGLI,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; SETH L. RUNDLE, judge. Opinion filed July 31, 2020. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2019 Supp. 21-6820(g) and (h).

Before MALONE, P.J., MCANANY, S.J., and BURGESS, S.J.

PER CURIAM: Mark Eugene Ramagli appeals the district court's denial of his motion for a dispositional departure. We granted Ramagli's motion for summary disposition under Kansas Supreme Court Rule 7.041A (2020 Kan. S. Ct. R. 47). The State responded and asked this court to affirm the district court. Finding no error, we affirm the district court's judgment.

On July 2, 2019, under a plea agreement, Ramagli pled guilty to aggravated burglary and theft. Before sentencing, Ramagli filed a motion for a dispositional departure based on (1) the agreement of the parties for probation, (2) his acceptance of responsibility for the crimes, and (3) his assertion that a treatment bed was available.

1

The district court held a sentencing hearing on August 15, 2019. Based on his criminal history score of G, Ramagli's presumptive sentence for the aggravated burglary conviction was 47 to 52 months' imprisonment. After hearing arguments from counsel, the district court denied Ramagli's motion for a dispositional departure. The district court explained that because Ramagli had pending cases and criminal convictions from several different places, the district court believed Ramagli would continue to commit crimes if he was on probation. The district court also cited the current crime of conviction, which it found was essentially a home invasion. But the district court granted Ramagli a durational departure to 38 months' imprisonment based on his lack of felony criminal history, his agreement to engage in substance abuse treatment, his willingness to pay restitution, and the parties' agreement. Ramagli timely appealed his sentence.

On appeal, Ramagli claims the district court "abused its discretion by not granting his dispositional departure because there were substantial and compelling reasons to do so." Judicial action constitutes an abuse of discretion if the action is (1) arbitrary, fanciful, or unreasonable, (2) based on an error of law; or (3) based on an error of fact. *State v. Ballou*, 310 Kan. 591, 615, 448 P.3d 479 (2019). Ramagli bears the burden of showing the district court abused its discretion. See 310 Kan. at 615. Because the district court granted Ramagli a durational departure, we have jurisdiction to review his claim of error on appeal. See *State v. Looney*, 299 Kan. 903, 906-09, 327 P.3d 425 (2014).

Under K.S.A. 2019 Supp. 21-6815(a), the district court "shall impose the presumptive sentence provided by the sentencing guidelines unless the judge finds substantial and compelling reasons to impose a departure sentence." Ramagli argues the factors the district court cited as reasons for granting a durational departure also would support granting a dispositional departure. But just because there are substantial and compelling reasons to grant a durational departure does not mean that a dispositional departure is also warranted.

The district court considered the factors Ramagli presented to support his motion but found that his criminal history, his pending cases, and the crimes of conviction showed that he would continue to commit crimes if he was granted probation. The district court's conclusion was reasonable given the paperwork the court received from an Oklahoma district court about a flee and elude charge and Ramagli's acknowledgment that he had a hold for a traffic offense in Sumner County. The district court also noted that Ramagli had 12 prior nonperson misdemeanor convictions, 1 person misdemeanor, and 1 nonperson felony. Finally, Ramagli committed his current crimes while on felony bond. Based on these facts, Ramagli fails to show that no reasonable person would agree with the district court's decision to deny him a dispositional departure to probation.

Affirmed.