NOT DESIGNATED FOR PUBLICATION

No. 124,575

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ADAM SHANE LOVELACE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; WESLEY K. GRIFFIN, judge. Opinion filed September 2, 2022. Appeal dismissed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2021 Supp. 21-6820(g) and (h).

Before HURST, P.J., HILL and ATCHESON, JJ.

PER CURIAM: Adam Shane Lovelace appeals his sentence for aggravated battery. We must dismiss his appeal for lack of jurisdiction.

Lovelace agreed with the State to plead no contest to aggravated battery if all other charges were dismissed. The parties agreed to recommend a downward durational departure of 53 months in prison. At the time, the parties believed Lovelace's criminal history score was C. It turns out that his criminal history score was B.

At sentencing, Lovelace cited his acceptance of responsibility for the crime as a substantial and compelling reason to depart. The court recognized that Lovelace

1

prevented his victim from having to testify at a jury trial and found it was a substantial and compelling reason to depart. The court sentenced Lovelace to 53 months in prison in accordance with the plea agreement.

Lovelace appeals this sentence, arguing that the district court abused its discretion by failing to provide a more substantial departure. We have granted Lovelace's motion for summary disposition of his appeal under Supreme Court Rule 7.041A (2022 Kan. S. Ct. R. at 48).

One statute controls here. K.S.A. 2021 Supp. 21-6820(c) says, "[o]n appeal from a judgment of conviction entered for a felony committed on or after July 1, 1993, the appellate court shall not review: . . . (2) any sentence resulting from an agreement between the state and the defendant which the sentencing court approves on the record." Lovelace entered a plea agreement with the State and received the exact sentence contemplated by the agreement.

But because Lovelace received a departure sentence, K.S.A. 2021 Supp. 21-6820(a) comes into play. It says, "[a] departure sentence is subject to appeal by the defendant or the state. The appeal shall be to the appellate courts in accordance with rules adopted by the supreme court."

In *State v. Looney*, 299 Kan. 903, Syl. ¶ 4, 327 P.3d 425 (2014), our Supreme Court held that appellate courts have jurisdiction over the appeal of a defendant's departure sentence unless a more specific provision divests the court of jurisdiction.

We agree with other panels of this court that K.S.A. 2021 Supp. 21-6820(c) is a more specific provision and divests this court of jurisdiction. See *State v. Cooper*, 54 Kan. App. 2d 25, 28, 394 P.3d 1194 (2017); *State v. Stevenson*, No. 123,130, 2021 WL

2

2386068, at *1 (Kan. App. 2021) (unpublished opinion); *State v. Norris*, No. 121,716, 2020 WL 7636286, at *2 (Kan. App. 2020) (unpublished opinion).

Because Lovelace was sentenced according to a plea agreement with the State, we lack jurisdiction to decide his appeal under K.S.A. 2021 Supp. 21-6820(c)(2).

Appeal dismissed.