NOT DESIGNATED FOR PUBLICATION

No. 128,985

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BRYAN SCOTT MCCLELLAN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Dickinson District Court; BENJAMIN J. SEXTON, judge. Opinion filed December 26, 2025. Appeal dismissed.

Submitted by the parties for summary disposition under K.S.A. 21-6820(g) and (h).

Before CLINE, P.J., BRUNS and COBLE, JJ.

CLINE, J.: Bryan Scott McClellan contends the district court erred in sentencing him by (1) not taking the initiative to provide him a greater sentencing departure than he asked for, and (2) running his sentences consecutively rather than concurrently. He filed an unopposed motion for summary disposition in lieu of briefs under Supreme Court Rule 7.041A (2025 Kan. S. Ct. R. at 48), which we granted. But because McClellan received the sentence he negotiated in his plea agreement—which the district court approved on the record—we have no jurisdiction over McClellan's appeal.

McClellan pled no contest to attempted criminal sodomy, a level 5 person felony; attempted aggravated indecent liberties with a child, a level 6 person felony; and, indecent solicitation of a child, a severity level 6 person felony. As part of his plea

1

agreement, McClellan waived "any and all" rights to appeal, including the right to challenge any "denial of a motion for dispositional and/or durational departure" and that "the court may, in its discretion, order that the sentence imposed for each offense be served concurrently or consecutively." In return, the State agreed to dismiss other charges and not file further charges related to the open case.

At the plea hearing, the district court confirmed that McClellan read and understood all the terms of the plea agreement, and it verified that McClellan entered his plea freely, voluntarily, and without threat. McClellan responded affirmatively.

At sentencing, the district court granted the durational departure to 100 months on the base sentence as agreed upon by the parties. In addition, the district court imposed the standard presumptive sentence for the remaining two counts, to run consecutive to count 1 and each other. This made it a total of 136 months of confinement with the ability to earn up to 15 percent good-time credit.

On appeal, McClellan asserts that the district court should have departed further than the requested 100 months and run his sentences concurrent because he accepted legal responsibility for his actions and "saved time and resources by pleading out."

The Kansas Supreme Court in *State v. Looney*, 299 Kan. 903, 905, 909, 327 P.3d 425 (2014), noted that K.S.A. 21-4721(a) (2007) (now codified as K.S.A. 21-6820) provides that a "'departure sentence is subject to appeal by the defendant or the state' . . . . unless appellate jurisdiction is divested by a more specific provision." And in *State v. Cooper*, 54 Kan. App. 2d 25, 27-28, 394 P.3d 1194 (2017), our court determined that when a defendant receives "exactly the sentence that he asked the district court to impose" under a plea negotiation, this falls under a more specific provision that divests the appellate court of jurisdiction to review a departure sentence. K.S.A. 21-6820(c)(2) (limiting review of "any sentence resulting from an agreement between the state and the

2

defendant which the sentencing court approves on the record"). Thus, the Legislature has restricted us from reviewing consecutive departure sentences if they arise from a plea agreement approved on the record under K.S.A. 21-6820(c)(2).

The record before us reflects that McClellan validly and unequivocally waived his right to appeal. Thus, we cannot reverse the district court's decision "*unless* a review of the entire record demonstrates that the plea was [not] knowingly and voluntarily made and otherwise accepted by the trial judge in compliance with [K.S.A. 22-3210]." *State v. Bennett*, 318 Kan. 933, 936, 550 P.3d 315 (2024).

Here, McClellan's plea agreement is enforceable because it was entered into knowingly and voluntarily. He pled guilty in exchange for fewer charges and, in so doing, waived the right to appeal the denial of further durational departure or his charges being run consecutive.

The record reflects that McClellan (1) discussed the plea agreement with his counsel, (2) read and signed the agreement, (3) understood all the terms and conditions, and (4) knew he was waiving all his appellate rights. The district court confirmed that McClellan understood that the maximum presumptive prison sentence could be imposed and could be run consecutive rather than concurrent. Thus, McClellan's plea agreement bars his appeal, and it must be dismissed.

Appeal dismissed.