NOT DESIGNATED FOR PUBLICATION

No. 118,520

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v

JESSE N. DUCKENS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BENJAMIN L. BURGESS, judge. Opinion filed February 1, 2019. Affirmed.

*Caroline M. Zuschek*, of Kansas Appellate Defender Office, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., MALONE and LEBEN, JJ.

PER CURIAM: Jesse Duckens pleaded guilty to commercial sexual exploitation of a child and sexual exploitation of a child, both felonies. He then asked that the court give him what's known as a departure sentence—a lesser sentence than called for under our state's sentencing guidelines. The district court granted a departure, sending Duckens to prison for less than the guidelines called for and 20 months less than the State had recommended in the plea bargain it had entered into with Duckens.

Duckens has appealed his sentence, arguing that the district court should have given him an even shorter sentence or perhaps probation. But we review these sentencing

decisions only for abuse of discretion, so we must affirm the district court if any reasonable person could agree with its decision. Given the serious nature of Duckens' crimes, we find no abuse of discretion in the district court's decision not to give him a more favorable sentence.

FACTUAL AND PROCEDURAL BACKGROUND

As part of a plea agreement, Duckens pleaded guilty to commercial sexual exploitation of a child and sexual exploitation of a child—both severity-level-five person felonies. He also pleaded guilty to possession of marijuana, a class-A misdemeanor. In exchange for those pleas, the State dismissed a more serious charge—aggravated human trafficking—and agreed to recommend the low number in the applicable sentencing grid box for each of the felonies and a 12-month sentence on the misdemeanor charge, with all the sentences to be served concurrently (at the same time).

Our sentencing guidelines determine a presumptive sentencing range based on the severity of the crime and the extent of the defendant's past convictions. Duckens' criminal-history score was B, the second-most-serious category, based on 2009 juvenile adjudications for robbery and battery and a 2013 adult conviction for robbery. Sentencing guidelines apply to felony convictions, and the guidelines sentencing ranges for those offenses were 114 to 128 months for the commercial-sexual-exploitation-of-a-child conviction and 31 to 34 months for the sexual-exploitation-of-a-child conviction. The penalty for the marijuana-possession conviction was up to 12 months in jail. The sentencing court was free to make the sentences for these three convictions concurrent (served at the same time) or consecutive (added together).

But guidelines sentences, though presumptive, aren't the only option. A defendant may move for a departure sentence, both dispositionally (asking for probation instead of prison) and durationally (asking for a shorter prison term). Duckens moved for both a

2

dispositional departure to probation and a durational departure for a shorter underlying prison term. In support, he cited these factors:

- Duckens pleaded guilty and accepted responsibility for his actions.
- Duckens "was 22 years at the time of the events."
- Duckens showed "ineptness" in attempting to start his money-making business of selling young women for sex.
- The "victim was a willing participant and was of age to give legal consent to engage in sexual intercourse. . . . It has been noted that a victim's sexual aggressiveness can be a factor justifying a downward departure."
- Duckens failed to carry through with human trafficking.
- "[T]he degree of harm is less than what is normally associated with the offense of Commercial Exploitation of a Child."
- Duckens completed a drug-abuse evaluation, which recommended "intensive outpatient treatment."
- Duckens "does not have a history of exploiting underage girls."
- Duckens has a history of drug and alcohol abuse, had a difficult childhood, and "was molested . . . by a cousin" when he was 8 and 12 years old.

After considering these factors, the district court granted Duckens a downward-durational departure sentence of 60 months in prison for his commercial-sexual-exploitation conviction. The court entered a guideline sentence of 34 months for the sexual-exploitation conviction. The court then ordered that those two sentences run consecutively for a total of 94 months in prison. The court also sentenced Duckens to 12 months in jail for the marijuana conviction, but it made that sentence concurrent, so it didn't affect the total time Duckens would serve in prison.

Duckens has appealed his sentence, claiming that the district court abused its discretion by not granting a greater departure sentence to him.

ANALYSIS

We have jurisdiction to review a departure sentence under K.S.A. 2017 Supp. 21-6820(a); see *State v. Looney*, 299 Kan. 903, Syl. ¶ 4, 327 P.3d 425 (2014). We review for abuse of discretion. *State v. Rochelle*, 297 Kan. 32, 45, 298 P.3d 293 (2013). A district court abuses its discretion (1) when its decision is based on an error of fact or law or (2) when no reasonable person would agree with the decision. 297 Kan. at 36. Duckens claims that no reasonable person would agree with the district court's sentencing decision.

Before we discuss whether the court abused its discretion here, we need to explain what a defendant must show to get a departure sentence. K.S.A. 2017 Supp. 21-6815 allows a judge to impose a departure sentence for substantial and compelling reasons. "Substantial" means something that is real, as opposed to something imagined or ephemeral. *State v. Sampsel*, 268 Kan. 264, 280, 997 P.2d 664 (2000). "Compelling" means that a court is "'forced'" by the facts to "'go beyond what is ordinary.'" 268 Kan. at 280 (quoting *State v. Rhoads*, 20 Kan. App. 2d 790, 799, 892 P.2d 918 [1995]). The court looks to the mitigating factors as a whole—not at each factor individually—to determine whether substantial and compelling reasons exist to impose a departure sentence. See *State v. Martin*, 285 Kan. 735, 739, 175 P.3d 832 (2008). But even in the face of substantial and compelling reasons, the district court need not depart from the presumptive sentence. K.S.A. 2017 Supp. 21-6818(a) ("[T]he sentencing judge *may* depart from the sentencing guidelines . . . ." [Emphasis added.]).

For durational departures, we look to see whether the sentence adheres to the purposes of the sentencing guidelines and is proportionate to the severity of the crime and the offender's criminal history. *State v. Favela*, 259 Kan. 215, 244, 911 P.2d 792 (1996). Among the sentencing guidelines' purposes is ensuring that prison space is reserved for serious, violent offenders who pose a public-safety threat. 259 Kan. at 233.

At sentencing, as we've already noted, Duckens argued that several reasons justified a departure sentence, including his youth, his acceptance of responsibility, and his lack of more significant past offenses. After considering those arguments and the facts of the case, the district court granted a durational departure. On the most serious offense, the court gave Duckens a sentence that would have been appropriate under sentencing guidelines if Duckens' criminal-history score had been a C instead of a B. The court said it considered it appropriate to use the sentencing ranges for a C score because Duckens' robbery adjudication had been several years ago and while Duckens was a juvenile.

The district court didn't give a detailed explanation of which of Duckens' arguments it found substantial and compelling; the court simply said that its decision was based on the arguments Duckens made. The court did note, though, that the State had dismissed the human-trafficking charge against Duckens as part of the plea agreement, taking a potential 618-month sentence "off the table." The court said that it had considered "the nature and circumstances of the crimes, [and] the history, character, and condition of the defendant . . . ." Based on that, the court said it had entered "the lowest minimum sentence, which, in the opinion of the Court, is consistent with public safety, the needs of the defendant, and the seriousness of the crime . . . ."

When we consider whether the district court abused its discretion by not departing even more, though, we must consider not only the mitigating factors Duckens noted, but also that these were very serious offenses. Even the factors Duckens noted are less than iron-clad. While Duckens claimed acceptance of responsibility, the State notes that Duckens claimed his teenage victim was "a willing participant" in the commercial sexual exploitation and that Duckens did not accept the plea until the morning of the trial. This meant that the victim had to prepare herself mentally for trial, and she also had to testify at a preliminary hearing. The State also countered Duckens' claim that the degree of harm was less than might otherwise be experienced by a victim in a crime like this:

5

- Duckens "enticed the victim to send him pictures of her naked breasts" and posted some of those photos online.
- Duckens had set up a date for the victim to be sold for sex and had the hotel room key where the sale was to take place in his possession at the time of his arrest.
- Duckens had asked the victim to have sex with him.
- More harm was prevented here only because the victim's mother intervened.

And Duckens was on postrelease supervision from his 2013 robbery conviction when he committed these new offenses.

The district court did not have to grant Duckens any durational departure, even in light of the reasons Duckens gave. But the district court found substantial and compelling reasons to give a 60-month sentence to Duckens on the conviction for the most serious charge, while the guidelines range went from 114 to 128 months for that conviction. A reasonable person could agree with the district court's decision not to depart any more, as well as with its decision not to depart dispositionally so that Duckens would be put on probation. We therefore conclude that the district court did not abuse its discretion, and we affirm the district court's judgment.