NOT DESIGNATED FOR PUBLICATION

No. 121,069

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CHRISTOPHER MICHAEL CLARK,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; WESLEY K. GRIFFIN, judge. Opinion filed December 6, 2019. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2018 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., PIERRON and STANDRIDGE, JJ.

PER CURIAM: Christopher Michael Clark appeals his sentence following his convictions of possession of methamphetamine with intent to distribute, misdemeanor possession of drug paraphernalia, and misdemeanor theft. We granted Clark's motion for summary disposition in lieu of briefs pursuant to Kansas Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). The State has filed no response.

FACTUAL AND PROCEDURAL BACKGROUND

On September 20, 2018, Clark pled guilty to one count each of possession of methamphetamine with intent to distribute, misdemeanor possession of drug paraphernalia, and misdemeanor theft. A presentence investigation report placed Clark

1

into criminal history category E with a presumptive prison sentence of 105-111-116 months' imprisonment. According to the terms of the plea agreement, the State agreed to join in Clark's request for a mid-range guidelines sentence and a dispositional departure to probation. The parties agreed, however, that the State was not bound by these terms if Clark failed to appear at sentencing or if he was cited or arrested for a new crime.

On January 2, 2019, the State filed notice of its intent to not follow the plea agreement. The State advised that Clark had violated the terms of the plea agreement in two ways: (1) He had failed to appear at sentencing on November 2, 2018, and (2) he was arrested and charged with obstruction and criminal trespass on December 26, 2018. As a result, the State advised that it would not be recommending probation at sentencing.

Clark subsequently filed an amended motion for departure requesting that the district court impose a downward durational departure sentence of 36 months in prison. Clark argued that the following substantial and compelling reasons supported a departure from the presumptive sentence: (1) Clark took full responsibility for his actions by pleading guilty, (2) the harm here was less than typical in a drug possession case because the amount of methamphetamine he possessed was on the low end of the range set forth in the statute and because he gave the drug to others rather than selling it for profit, and (3) he needed drug treatment for his methamphetamine addiction. The State opposed Clark's request for departure, citing his failure to appear for sentencing and his arrest on new charges of obstruction and criminal trespass. The State argued that the harm caused by Clark's actions was not less than typical because he was enabling fellow addicts by giving them drugs for free. Finally, the State noted that Clark had a prior conviction for selling marijuana and therefore had been given opportunities to participate in drug treatment.

After hearing argument from counsel, the district court denied Clark's request for a dispositional departure to probation. But the court granted Clark's request for a durational

departure and sentenced him to 84 months in prison. The court found that the lesser sentence was warranted because Clark's convictions stemmed primarily from his drug addiction.

LEGAL ANALYSIS

On appeal, Clark claims the district court abused its discretion by failing to grant a more substantial durational departure or by failing to grant his request for a dispositional departure to probation. Clark suggests that the court should have granted a more significant departure because his convictions resulted from his drug addiction and because he was in need of substantial drug treatment.

This court has jurisdiction to review Clark's claim of error on appeal. See *State v. Looney*, 299 Kan. 903, 906-09, 327 P.3d 425 (2014). We review the extent of a departure sentence for an abuse of discretion. *State v. Jolly*, 301 Kan. 313, Syl. ¶ 7, 342 P.3d 935 (2015). A judicial action constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the district court, (2) the action is based on an error of law, or (3) the action is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015). The party asserting the district court abused its discretion bears the burden of showing such abuse of discretion. *State v. Smith-Parker*, 301 Kan. 132, 161, 340 P.3d 485 (2014).

Here, the district court decided that Clark should receive a durational departure from the presumptive 111-month prison sentence but that no substantial and compelling reasons justified any further departure.

Clark fails to assert any argument on appeal to show that the district court's refusal to grant a dispositional departure or to depart further was an abuse of discretion. The record reflects that the district court carefully considered Clark's drug addiction issues in

imposing the sentence. But the court also considered the nature of Clark's underlying crime, his failure to comply with the plea agreement, and his criminal history. The district court showed leniency in granting Clark a durational departure of 27 months. A reasonable person in the position of the district court might have easily refused to impose a more substantial departure or a dispositional departure to probation under the circumstances presented here. The record demonstrates that Clark had five prior convictions for drug possession and gave drugs away to vulnerable addicts. Clark violated the terms of the plea agreement by failing to appear at sentencing and by committing new crimes of obstruction and criminal trespass.

The district court's decision to impose an 84-month prison sentence rather than a more substantial departure or a dispositional departure to probation was not unreasonable, and it was not based on an error of fact or law. Clark has failed to show that the district court abused its discretion in imposing his sentence.

Affirmed.