NOT DESIGNATED FOR PUBLICATION

No. 121,707

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

WILLIAM HENRY MCDOWELL,
*Appellant*.

MEMORANDUM OPINION

Appeal from Ford District Court; SIDNEY R. THOMAS, judge. Opinion filed February 14, 2020. Appeal dismissed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2019 Supp. 21-6820(g) and (h).

Before GREEN, P.J., HILL and LEBEN, JJ.

PER CURIAM: William Henry McDowell pleaded no contest to one count of aggravated failure to report. The district court granted McDowell's and the State's joint recommendation for a durational departure and sentenced McDowell to 36 months in prison with 36 months of postrelease supervision. McDowell now appeals, arguing the district court erred in sentencing him. We granted McDowell's motion for summary disposition under Kansas Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). Since this court lacks jurisdiction to hear McDowell's appeal, it is dismissed.

1

In March 2019, according to a plea agreement, McDowell pleaded no contest to one count of aggravated failure to report under K.S.A. 2018 Supp. 22-4903(b), a severity level 3 felony. As part of the plea agreement, McDowell and the State jointly recommended a durational departure to 36 months in prison. McDowell subsequently filed a durational departure motion.

At the sentencing hearing, the district court found McDowell's criminal history score was G, making his presumptive sentence 68-77 months. The district court granted the jointly requested departure and sentenced McDowell to 36 months in prison. The district court also imposed 36 months of postrelease supervision.

McDowell appeals.

An appellate court must be vigilant in deciding whether it has jurisdiction to review a case. Whether appellate jurisdiction exists is a question of law reviewed de novo. *State v. Looney*, 299 Kan. 903, 906, 327 P.3d 425 (2014).

Under K.S.A. 2018 Supp. 21-6820(c)(2), an appellate court shall not review "any sentence resulting from an agreement between the state and the defendant which the sentencing court approves on the record." Although K.S.A. 2018 Supp. 21-6820(a) provides a departure sentence is subject to appeal, an appellate court is still precluded from reviewing a departure sentence when that sentence results from "'an agreement between the state and the defendant which the sentencing court approves on the record.'" *State v. Cooper*, 54 Kan. App. 2d 25, 28, 394 P.3d 1194.

Here, the State and McDowell jointly agreed to a durational departure of 36 months in prison in exchange for a plea of guilty or no contest to one count of aggravated failure to register. The district court accepted McDowell's no contest plea and found him guilty on one count of aggravated failure to report. At sentencing, the district court agreed

to follow the plea agreement and sentenced McDowell to 36 months in prison. Because the district court approved on the record the agreement between the State and McDowell, we are without jurisdiction to review McDowell's prison sentence.

Also, the court sentenced McDowell to 36 months of postrelease supervision. Aggravated failure to register is a severity level 3 felony. K.S.A. 2018 Supp. 22-4903(c)(2). Offenders convicted of severity level 3 felonies must serve 36 months of postrelease supervision. K.S.A. 2018 Supp. 22-3717(d)(1)(A). Appellate courts shall not review "[a]ny sentence that is within the presumptive sentence for the crime." K.S.A. 2018 Supp. 21-6820(c)(1). McDowell's 36 months of postrelease supervision was required by statute and, therefore, was within his presumptive sentence. Thus, we are without jurisdiction to review McDowell's postrelease supervision sentence.

Appeal dismissed.