NOT DESIGNATED FOR PUBLICATION

No. 119,288

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ALBERTO GRADO,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; WARREN M. WILBERT, judge. Opinion filed March 13, 2020. Affirmed.

*Carol Longenecker Schmidt*, of Kansas Appellate Defender Office, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before ATCHESON, P.J., BRUNS, J., and BURGESS, S.J.


PER CURIAM: This case appears in our court for the second time on Defendant Alberto Grado's claim the Sedgwick County District Court impermissibly denied him a dispositional departure sentence to probation or a greater durational departure than he received after a jury found him guilty of possession of methamphetamine with the intent to distribute and possession of drug paraphernalia. The district court did not abuse its discretion in sending Grado to prison for 98 months. We, therefore, affirm.

Grado's journey into the criminal justice system began when Wichita police went to a hotel in May 2014 after employees reported suspicious conduct in one of the rooms. Pertinent here, the investigation turned up a significant amount of methamphetamine packaged in six plastic sandwich bags, unused sandwich bags, and a digital scale in a guest room occupied by Grado and his uncle. Grado was charged with and later convicted of possession of methamphetamine with the intent to distribute, a severity level 1 drug felony, and possession of drug paraphernalia, a severity level 5 drug felony. Details of the crimes and the jury trial may be found in our earlier opinion. *State v. Grado*, No. 114,120, 2017 WL 945459 (Kan. App. 2017) (unpublished opinion) (*Grado I*).

Based on his limited criminal history, Grado faced a guidelines sentencing range of 138 to 154 months with a presumption that he be incarcerated on the methamphetamine conviction. At the sentencing hearing, Grado sought a downward dispositional departure to probation and alternatively a durational departure to a much lower term of imprisonment. Grado argued his youth—he was 20 years old at the time—and his lack of any significant criminal history supported the request. He also cited what he characterized as his uncle's coercion and duress. And he pointed to rehabilitative efforts he had made since his arrest. As we have indicated, the district court ordered Grado to serve a prison term of 98 months, more lenient than the low guidelines sentence but harsher than the reduced punishment he had requested. The district court also imposed a concurrent sentence of 11 months on the paraphernalia conviction.

Grado appealed and raised multiple issues regarding pretrial proceedings, the trial, and his sentencing. The panel in *Grado I* affirmed the convictions but vacated the sentence and remanded for resentencing. In explaining its decision at the sentencing hearing, the district court referred to Grado consorting with female prostitutes who were underage during his stay at the hotel and specifically identified that as a reason for denying the request for probation. *Grado I*, 2017 WL 945459, at *11-12. But, as the earlier panel recognized, the only information before the district court consisted of

"suspicion and speculation" about Grado having patronized underage prostitutes. The assertion was neither "proven" nor "admitted." 2017 WL 945459, at *11. The initial call from the hotel staff to the police department was reported to the investigating officers as a concern about prostitution possibly involving underage girls. The investigation, however, turned up the methamphetamine and the drug paraphernalia but no evidence that Grado had a sexual encounter with an underage woman. There was evidence Grado and his uncle had invited one or more female guests, likely prostitutes, to their room.

The panel recognized the district court relied on something lacking factual support in sentencing Grado and, therefore, abused its discretion in making that decision. 2017 WL 945459, at *11. A district court exceeds that discretion if it rules in a way no reasonable judicial officer would under the circumstances, if it ignores controlling facts or relies on unproven factual representations, or if it acts outside the legal framework appropriate to the issue. See *Northern Natural Gas Co. v. ONEOK Field Services Co.*, 296 Kan. 906, 935, 296 P.3d 1106 (2013); *State v. Ward*, 292 Kan. 541, Syl. ¶ 3, 256 P.3d 801 (2011). The panel could not determine from the hearing transcript if the district court otherwise would have imposed the same sentence absent the factual error. So the panel vacated the sentence and remanded for a new sentencing hearing. 2017 WL 945459, at *12.

At the second sentencing hearing, Grado made essentially the same arguments for dispositional and durational departures that he presented originally. He pointed out that he had continued his rehabilitation during his time in prison. The district court again imposed a controlling sentence of 98 months on the methamphetamine conviction and explained that the prostitution allegations were not a particularly significant factor in its initial sentencing decision. The district court indicated other circumstances Grado presented warranted some reduction in the term of incarceration but not as much as he contended and did not support his request for probation.

3

Grado has appealed the district court's decision not to grant him more of a reduction in punishment.

Under K.S.A. 2018 Supp. 21-6820(a), an appellate court has the jurisdiction to consider a sentence that departs from the presumptive sentence identified in the Kansas Sentencing Guidelines Act. See *State v. Looney*, 299 Kan. 903, 908, 327 P.3d 425 (2014) ("The statute's language makes no distinction between a favorable or unfavorable departure. Nor does it express the departure is not appealable because it is 'enough.'").

When a criminal defendant challenges the extent of a sentencing departure, an appellate court reviews the district court's judgment for an abuse of discretion, "measuring whether the departure is consistent with the purposes of the guidelines and proportionate to the crime severity and the defendant's criminal history." *State v. Spencer*, 291 Kan. 796, 807-08, 248 P.3d 256 (2011).

In this appeal, Grado does not contend that the district court misapplied controlling principles of law or relied on erroneous factual findings. Rather, he contends simply that the district court's decision against granting a more substantial departure amounted to a position no reasonable judicial officer would adopt under these circumstances. His presentation of the argument examines only the factors in mitigation of the penalty imposed while the district court also examined factors justifying imposition of the presumptive guidelines sentence consistent with the legislative design. In essence, Grado asks us to rebalance the record to justify a greater departure—something that is not within our purview. We would be substituting our assessment for the district court's rather than reviewing for an abuse of judicial discretion.

Although the district court acknowledged Grado's uncle may have had some influence over him, it discounted the idea that the relationship was so one-sided that Grado was an unwilling participant in the drug crimes. The record does not contain

4

evidence that Grado was coerced or otherwise forced to participate. The district court, therefore, did not improperly undervalue this circumstance in arriving at the sentencing determination.

The district court did extend leniency to Grado based on his youth and immaturity, suggesting he did not appreciate the gravity of the illegal activities he undertook with his uncle. Cf. *State v. Reed*, 302 Kan. 227, 253-54, 352 P.3d 530 (2015) (noting that, while defendant's age, standing alone, cannot serve as a substantial and compelling reason to depart, age may serve "as part of the calculus in finding a substantial and compelling reason for departure"); *State v. Spencer*, 291 Kan. at 813 (rejecting age as a mitigating factor when not used to establish a lack of sound judgment at the time of the offense). We cannot say the district court overstepped in finding this to be a case-specific factor warranting a comparatively modest sentencing reduction. The district court imposed what would have been a guidelines range sentence for a severity level 2 drug felony. By the same token, Grado was an adult, and nothing in the evidence suggested he was intellectually or emotionally impaired in a way that would have kept him from understanding what he was doing or its general criminality. So this consideration cannot carry his argument any further on appeal than it did with the district court.

Grado's comparative lack of criminal history is not an independent mitigating factor that reduces the presumptive guidelines sentences for his crimes of conviction. That's because the presumptive sentence is itself determined based on the severity level of the crime of conviction and the extent of the defendant's criminal history. As a result, a defendant with little or no criminal history will face a presumptive guidelines sentence for a particular crime that is markedly shorter than a defendant with several felony convictions or a slew of certain misdemeanor convictions would face. For example, if Grado had one conviction for a person felony and one conviction for a nonperson felony, the presumptive guidelines sentence for the methamphetamine conviction would have been 169 to 187 months in prison. In short, criminal history (or the lack of such a history)

is already built into the sentencing process and should not be considered as a basis for enhancing or reducing a presumptive sentence. See *State v. Theurer*, 50 Kan. App. 2d 1203, 1227, 337 P.3d 725 (2014).

Finally, Grado's ongoing efforts at rehabilitation are laudable. But they do not, in and of themselves, require some mitigation of punishment. We suppose that on resentencing a district court should consider a defendant's good or bad conduct since the original sentencing in determining an otherwise appropriate punishment. See *Pepper v. United States*, 562 U.S. 476, 503-04, 131 S. Ct. 1229, 179 L. Ed. 2d 196 (2011) (Under federal law, a district court resentencing a defendant may consider that person's conduct after the original sentence in determining an appropriate punishment.). Here, the district court did not accord some particular weight to Grado's efforts in determining the sentence. But the district court received that information at the sentencing hearing. And Grado has not suggested the district court categorically rejected his rehabilitative efforts as either factually unsupported or legally meritless. Accordingly, we see no abuse of discretion in the district court's consideration of this point.

Given the circumstances of this case and the arguments Grado has presented in challenging his resentencing, we cannot say the district court abused its discretion in again imposing a sentencing of 98 months, reflecting a downward durational departure. We are confident other district court judges would have come to a similar conclusion; or in keeping with the standard as phrased in the negative, we cannot conclude no other district court would have imposed this sentence on Grado.

Affirmed.