NOT DESIGNATED FOR PUBLICATION

No. 121,446

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ZACCARY TAYLOR ENDINGER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE C. BROWN, judge. Opinion filed May 29, 2020.
Affirmed.

*Michelle A. Davis*, of Kansas Appellate Defender Office, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before STANDRIDGE, P.J., HILL and ATCHESON, JJ.

PER CURIAM: In 2019, Zaccary Taylor Endinger pled guilty to aggravated domestic battery. Endinger filed a motion for a dispositional departure or, in the alternative, a durational departure. The district court granted a durational departure but not to the extent requested by Endinger. Endinger appeals the sentence arguing the district court abused its discretion in failing to grant him a shorter prison sentence. For the reasons stated below, we affirm.

1

On March 25, 2019, Endinger pled guilty to aggravated domestic battery of his ex-girlfriend in violation of K.S.A. 2017 Supp. 21-5414(b)(l) and (c)(2). The State agreed to recommend the lowest sentence in the presumptive sentencing grid box, and Endinger was free to argue for a reduced sentence. Based on Endinger's criminal history score of B, the standard presumptive sentence was 29 months in prison.

Before sentencing, Endinger filed a motion for a dispositional departure to probation or, in the alternative, a durational departure of 12 months in prison. Endinger listed the following factors as substantial and compelling reasons for the departure:

"1.    Mr. Endinger accepted full responsibility for these crimes by way of a knowing and voluntarily guilty plea.

"2.    Mr. Endinger surrendered his rights concerning this matter to enter into the plea; however, the defense anticipated that substantial defenses would be available to him if he had not.

"3.    Mr. Endinger's age and immaturity played a significant role in these matters.

"4.    Mr. Endinger is not a threat to society.

"5.    Mr. and Mrs. Endinger were married before this court on March 4, 2019.

"6.    The newlyweds are excited about their future.

"7.    Together, the Endingers are raising 2 boys together.

"8.    Mr. Endinger is the primary care provider, and sole financial support, for the Endinger family.

"9.    Mr. Endinger was working full-time at the time of his most recent arrest.

"10.   Mr. Endinger has been sober from narcotics since 2015.

"11.   Prior to his arrest, Mr. Endinger had scheduled his evaluation to the Batter's Intervention Program (scheduled for 5/7 at 9am with Mental Health Associates).

"12.   It is the desire of his wife and children that Mr. Endinger be sentenced to probation and be given a chance to prove to this court he can comply with the court's demands.

"13.   Mr. Endinger's family is incredibly supportive of Mr. Endinger.

"14. Six months have passed since the incident, and the Endinger family has no reason to believe the matter will repeat itself."

Endinger further asserted that a departure was warranted because he was not the primary aggressor during the incident, and the victim has since relocated to another state. The victim is not Endinger's current wife.

On June 4, 2019, the district court denied Endinger's motion for a dispositional departure but granted him a durational departure of 25 months in prison. The district court noted that the basis for the departure was because Endinger entered a plea and took responsibility which saved the State costs.

ANALYSIS

Endinger argues on appeal that the district court erred in denying his durational departure to the extent he requested—12 months in prison. Appellate courts have jurisdiction to consider sentencing appeals when the district court "'did not depart enough.'" *State v. Looney*, 299 Kan. 903, 908, 327 P.3d 425 (2014).

When the extent of a durational departure is challenged, "the appellate standard of review is abuse of discretion, measuring whether the departure is consistent with the purposes of the guidelines and proportionate to the crime severity and the defendant's criminal history." *State v. Spencer*, 291 Kan. 796, 807-08, 248 P.3d 256 (2011). A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018).

Endinger bears the burden to show the district court abused its discretion. See *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012). But Endinger's

3

argument consists only of a general statement that he would have been successful on probation due to his family's support. Endinger does not present any argument regarding the length of the durational departure term he received.

In denying the departure, the district court made detailed statements at the sentencing hearing. The district judge stated his concern with the severity level of the crime and Endinger's criminal history. The district judge noted Endinger's sexual crime conviction as a juvenile and his aggravated assault conviction as an adult. The district judge recognized the importance of Endinger's desire to be a good father and provide for his children but also expressed concern about Endinger's history of substance abuse and domestic violence.

Given the record before this court and the statutory presumption of imprisonment, a reasonable person could have taken the view adopted by the district court. The district court did not abuse its discretion.

Affirmed.