NOT DESIGNATED FOR PUBLICATION

No. 122,828

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

SEAN A. HOLMES,
*Appellant.*

MEMORANDUM OPINION

Appeal from Sedgwick District Court; SETH L. RUNDLE, judge. Opinion filed February 19, 2021. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2019 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., BRUNS and POWELL, JJ.

PER CURIAM: Sean A. Holmes—who was convicted of one count of aggravated burglary, two counts of misdemeanor theft, and one count of misdemeanor criminal trespass—appeals the district court's ruling on his motion for a downward durational departure. Holmes argues that the district court erred by failing to follow the sentencing recommendation in the plea agreement entered into by the parties. We granted Holmes' motion for summary disposition in lieu of briefs under Supreme Court Rule 7.041A (2020 Kan. S. Ct. R. 47). After reviewing the motion for summary disposition, the State's response, and the record on appeal, we conclude that the district court did not abuse its discretion in sentencing Holmes to 120 months in prison. Thus, we affirm the sentence imposed by the district court.

1

FACTS

The parties are aware of the underlying facts of this case, and they are not material to the issue presented on appeal. Prior to trial, Holmes and the State entered into a plea agreement. On January 27, 2020, Holmes pled guilty to one count of aggravated burglary, two counts of misdemeanor theft, and one count of misdemeanor criminal trespass. Based on his criminal history score of A, Holmes was facing a sentence of presumptive imprisonment for a term of 154 to 172 months.

Under the terms of the plea agreement, the State agreed to recommend a sentence that would lead to a controlling term of 81 months in prison. Consistent with the plea agreement, Holmes moved for a downward durational departure. Although the State complied with the terms of the plea agreement, the district court decided not to follow the recommendation of the parties. Instead, the district court granted Holmes' motion for a downward durational departure in part and sentenced him to serve 120 months in prison. Thereafter, Holmes timely appealed his sentence.

ANALYSIS

The only issue presented on appeal is whether the district court abused its discretion by failing to follow the recommendation in the plea agreement as well as the request set forth in Holmes' motion for a downward durational departure. A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018). The party asserting the district court abused its discretion—in this case Holmes—bears the burden of showing such abuse of discretion. *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

At the outset, we note that the State suggests that we are precluded from considering Holmes' claim because his sentence was within the presumptive sentence for his crimes. See K.S.A. 2020 Supp. 21-6820(c)(1). In *State v. Looney*, 299 Kan. 903, 327 P.3d 425 (2014), the Kansas Supreme Court considered a similar issue. In that case, our Supreme Court held that "all departure sentences are subject to appeal under K.S.A. 21-4721(a) [now K.S.A. 2020 Supp. 21-6820(a)] unless appellate jurisdiction is divested by a more specific provision." 299 Kan. at 909. As explained in *Looney*, the statutory language "makes no distinction between a favorable or unfavorable departure. Nor does it express the departure is not appealable because it is 'enough.'" 299 Kan. at 908. Accordingly, a defendant may appeal a departure sentence even if it is favorable to him or her. 299 Kan. at 909.

Here, Holmes requested a downward durational departure to 81 months but only received a departure down to 120 months. As such, Holmes did not receive as much of a departure as the parties had agreed to recommend in the plea agreement or as he had requested in his motion for a downward durational departure. Under these circumstances, we find that we have jurisdiction to consider the issue presented in this appeal.

The parties agree that a district court is not bound by the terms of a plea agreement. See *State v. Mosher*, 299 Kan. 1, 2, 319 P.3d 1253 (2014). Moreover, Holmes does not allege that the State breached the agreement, nor does he allege that the district court failed to advise him of his rights. Rather, he argues—without support—that the district court's decision constituted an abuse of discretion.

Based on our review of the record, we do not find that the district court abused its discretion. The district court granted Holmes some relief but simply did not grant him as much relief as he asked for in his motion for a downward durational departure. Also, the

sentence that Holmes received was lower than the presumptive sentence based on his crimes of conviction and his criminal history score. Thus, we find that the district court acted reasonably in sentencing Holmes and did not commit an error of law or fact.

Affirmed.