NOT DESIGNATED FOR PUBLICATION

No. 125,322

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

QUINTON S. WILSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Douglas District Court; SALLY D. POKORNY, judge. Opinion filed February 17, 2023. Appeal dismissed.

Submitted by the parties for summary disposition under K.S.A. 2022 Supp. 21-6820(g) and (h).

Before GARDNER, P.J., MALONE and HILL, JJ.

PER CURIAM: Quinton S. Wilson appeals his sentence following his no contest plea to one count of distributing methamphetamine. We granted Wilson's motion for summary disposition under Kansas Supreme Court Rule 7.041A (2022 Kan. S. Ct. R. at 48). The State filed no response. For reasons discussed below, we dismiss for lack of jurisdiction.

In May 2022, under a plea agreement, Wilson pled no contest to one count of distributing methamphetamine. Wilson moved for a downward durational departure arguing that he accepted responsibility for the crime and that the harm was less than typical because the drugs were sold in controlled buys. The district court followed the

1

plea agreement and sentenced Wilson to 96 months' imprisonment, a departure from the 130-month standard presumptive sentence. Wilson asked that the sentence run concurrent with his sentence in a Butler County case—an issue not covered by the plea agreement. The district judge denied that request stating, "You have a total of 25 prior convictions, they said, ranging from serious drug offenses to person offenses. Based on that, I am ordering the sentence to run consecutively. I just, in good faith, cannot order a concurrent sentence." Wilson timely appealed his sentence.

In his motion, Wilson asserts that "the district court abused its discretion by acting unreasonably when it ordered his sentence to run consecutive to other cases, rather than running it concurrently." Wilson does not elaborate on how the district court abused its discretion and would fail to meet his burden to obtain relief from this court on appeal. *State v. Crosby*, 312 Kan. 630, 635, 479 P.3d 167 (2021) (party asserting the district court abused its discretion bears the burden of showing such abuse of discretion).

More importantly, this court lacks jurisdiction to address Wilson's limited claim on appeal. Wilson received a departure sentence, and a departure sentence "is subject to appeal by the defendant or the state." K.S.A. 2022 Supp. 21-6820(a); *State v. Looney*, 299 Kan. 903, 903-06, 327 P.3d 425 (2014). But any appeal from a departure sentence shall be limited to whether the sentencing court's findings of fact and reasons justifying a departure (1) are supported by evidence in the record and (2) constitute substantial and compelling reasons for departure. K.S.A. 2022 Supp. 21-6820(d). As Wilson acknowledges in his motion, the issue he raises on appeal about consecutive sentences is beyond the limited statutory grounds to appeal a departure sentence. Thus, we lack jurisdiction to address Wilson's limited claim on appeal.

Appeal dismissed.