MODIFIED OPINION[1]

NOT DESIGNATED FOR PUBLICATION

No. 126,916

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

EVERETT SCOTT BARTON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Jackson District Court; NORBERT C. MAREK JR., judge. Submitted without oral argument. Original opinion filed October 11, 2024. Modified opinion filed November 8, 2024. Affirmed.

*Lindsay Kornegay*, of Kansas Appellate Defender Office, for appellant.

*Natalie Chalmers*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before MALONE, P.J., GREEN and SCHROEDER, JJ.

PER CURIAM: Everett Scott Barton appeals the district court's imposition of a term of imprisonment rather than a grant of a dispositional departure to probation. We issued our original memorandum opinion on October 11, 2024, dismissing Barton's appeal as moot because the record reflects he has been released from serving his prison sentence. Barton timely filed a motion for rehearing or modification arguing that this court

---

[1]REPORTER'S NOTE: Opinion No. 126,916 was modified by the Court of Appeals on November 8, 2024, in response to the Appellant's motion for rehearing or modification.

1

improperly dismissed his appeal as moot. The State has filed no response to Barton's motion. We now grant Barton's motion for modification, set aside the prior dismissal based on mootness, and will address the merits of Barton's claim on appeal.

## FACTS

In February 2023, the district court accepted Barton's no-contest plea to possession of methamphetamine, in violation of K.S.A. 21-5706(a), a crime committed in February 2021. Before sentencing, Barton moved for a dispositional departure to probation or, alternatively, a downward durational departure from his presumptive prison sentence. The district court denied Barton's dispositional departure to probation. But the district court granted Barton's downward durational departure, sentencing him to 24 months in prison. Barton timely appealed his sentence.

## ANALYSIS

On appeal, Barton claims that the district court abused its discretion because he gave substantial and compelling reasons for the district court to grant a dispositional departure to probation. The State argues that Barton's claim is moot. Alternatively, the State argues that Barton cannot meet his burden of establishing an abuse of discretion. We have jurisdiction over the appeal because a departure sentence was granted. *State v. Looney*, 299 Kan. 903, 909, 327 P.3d 425 (2014).

Both parties agree that we review the district court's sentencing decision for an abuse of discretion. A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Bilbrey*, 317 Kan. 57, 63, 523 P.3d 1078 (2023). The party asserting the district court abused its discretion has the burden of showing such abuse of discretion. *State v. Keys*, 315 Kan. 690, 708, 510 P.3d 706 (2022).

2

Barton's departure motion argued that he has been actively engaged in rehabilitative efforts for over a year, that his prior person felony convictions were over 20 years old, that he acknowledged responsibility for his actions, and that the Kansas Legislature has stated a goal to place drug users in treatment instead of incarceration. Barton reasserts these points on appeal emphasizing that "a prison sentence in this case would impede his efforts at drug treatment." He asks that we "remand this matter for resentencing with orders that the district court grant the dispositional departure motion."

Barton's presentence investigation report shows over 50 prior adult convictions spanning more than 35 years, including convictions for aggravated battery, two burglaries, multiple driving while intoxicated and suspended license offenses, theft, forgery and attempted forgery, and possession of drugs, although it is correct that his prior person felony convictions are over 20 years old. His current offense was his fourth conviction for possession of drugs resulting in a presumed prison sentence under K.S.A. 21-6805(f)(1), even without considering the fact that Barton was in criminal history category B because of his prior person felony convictions. Significantly, Barton committed his current offense after he had been placed on felony bond for another drug offense. This fact contravenes Barton's claim that he would be a good candidate for probation. The district court showed leniency by granting Barton's request for a durational departure, but we cannot find that no reasonable judge would have denied Barton's request for probation. We agree with the State that Barton fails to show the district court abused its discretion by denying the dispositional departure motion.

Affirmed.